UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GERALD A. BERRY,** | **07CV6282** |
| Plaintiff, | **JUDGE DER-YEGHIAYAN** |
| vs. | **MAG. JUDGE NOLAN** |
| JOHN E. POTTER, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE and AMERICAN POSTAL WORKERS and AMERICAN POSTAL WORKERS UNION LOCAL 7011, | JURY DEMAND |
| Defendants. | FILED<br>NOV 06 2007<br>NOV 0 6 2007<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

## COMPLAINT

Plaintiff, GERALD A. BERRY, by and through his attorneys, Michael T. Smith and Gary Abrams, states and complains of the Defendants as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this as an action against Defendant, JOHN E. POTTER, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE ("USPS") for discharge in violation of a collective bargaining agreement; against Defendant, AMERICAN POSTAL WORKERS UNION, AFL-CIO ("APWU") and against Defendant, O'HARE AMC LOCAL 7011 branch of the (APWU (" Local 7011") for breach of its duty of fair representations of a members.

2. This action arises and the jurisdiction of this Court is based upon, Section 301 of the Management Relations Act, as amended, 29 U.S.C. § 185.

3. Plaintiff has exhausted all administrative remedies provided for the parties' collective bargaining agreement and has timely filed this suit after Plaintiff received



notice of the breach of duties owed under the collective bargaining agreement by USPS, and APWU and LOCAL 7011 after receipt of notice of not receiving fair representation by his Union.

## VENUE AND THE PARTIES

4. Plaintiff resides at 1906 S. Ridgelend Avenue, Berwyn, Illinois 60402.

5. Plaintiff is a citizen and resident of Cook County, Illinois.

6. At all times relevant, John E. Potter served in the capacity of Postmaster General of the United States Postal Service.

7. Defendant Local APWU No. 7011 is a labor organization of which the Plaintiff at all relevant times, was a member in good standing.

8. Defendant Local APWU No. 7011 is a not-for-profit corporation in Illinois with its principle place of business located in Cook County, Illinois.

9. Defendant APWU is the parent organization of Local APWU No. 7011 and has a responsibility to protect the rights of its local members.

10. At all times relevant herein, Defendant USPS and Defendants APWU and Local APWU No. 7011 were parties to a written collective agreement, entitled "Agreement between American Postal Workers Union, AFL-CIO and U.S. Postal Service" hereinafter referred to as "Collective Agreement."

11. At all times relevant herein, the Collective Agreement governed the terms and conditions of Plaintiffs employment with Defendant USPS.

## AS AND FOR A FIRST CAUSE OF ACTION

## DEFENDANT USPS' BREACH OF COLLECTIVE AGREEMENT

12. Paragraphs 1 through 11 are incorporated herein by reference.

13. Plaintiff began his employment with Defendant USPS in July of 1990..

14. At all times relevant herein, Plaintiff was employed by Defendant USPS at the Castleton, Indiana branch location as a full time employee in the registry department performing duties associated with the clerk mail that is registered and insured.

15. On or about March 3, 2006, Defendant breached the Collective Agreement when it summarily terminated Plaintiff's employment, without just cause, in violation of the Collective Agreement and, at all times since that date, Defendant USPS has refused to reinstate Plaintiff to his former position of employment.

16. As a direct and proximate result of the breach of the Collective Agreement by Defendant USPS Plaintiff has been damaged by loss of his employment in a sum which she would have earned from such employment had Defendant USPS not wrongfully terminated Plaintiff; additionally, Plaintiff has been damaged by loss of seniority, loss of fringe benefits, loss of other benefits to which he was entitled under the Collective Agreement, physical hardship, and severe and continuous emotional distress.

WHEREFORE Plaintiff GERAL A. BERRY, by counsel, respectfully prays the Court to advance this case on the docket and expedite it in every way to issue a judgment that Defendant USPS' acts, policies, practices, and procedures complained of herein violated Plaintiffs rights under Section 301 of the Labor Management Relations Act; to award Plaintiff back pay, future pay, compensatory relief in the form of emotional pain, suffering, inconvenience, mental anguish, and lose of enjoyment of life and consequential damages to make him whole; to enjoin Defendants from the same discriminatory conduct in the future; to grant Plaintiff the costs of this action and attorney fees; to grant Plaintiff a jury trial on those issues triable by jury; and to allow such additional relief as the Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION

## BREACH OF DUTY OF FAIR REPRESENTATION BY DEFENDANTS APWU AND LOCAL 7011

17. Plaintiff incorporates paragraphs I through 16 herein by reference.

18. At all times material herein, Defendants APWU and Local APWU No. 7011 owed a duty of fair representation to all members of APWU Local No. 7011, including the Plaintiff, i.e. the duty to represent Plaintiff and all other members of APWU in the administration of the Collective Agreement without arbitrary discrimination.

19. Defendant APWU's Members' Bill of Rights states that, "[E]very member has the right to a fair trial, to be represented by an individual of her or her choice and to proper appeal procedures."

20. APWU Local No. 7011 breached its duty of fair representation when National Business Agent for APWU, into an Agreement to Withdraw Plaintiff's Grievance on September 20, 2006 without his knowledge and to his detriment. Plaintiff had no knowledge of said withdrawal of his grievance until he received a letter on May 12, 2007, from APWU dated May 10, 2007. (See Exhibit "A" and "B")

21. Defendants APWU and Local APWU No. 7011 violated Members' Bill of Rights by breaching its statutory duty of fair representation after Union Stewart Zachery Lucas to filed grievances for the Plaintiff at his request.

22. Defendants APWU and Local APWU No. 7011 breached their duty of fair representation when National Business Agent entered into a withdrawal of Plaintiff's grievance without the consent or knowledge of Plaintiff.

23. Defendants APWU and Local APWU No. 7011 treatment of the Plaintiff was capricious, arbitrary, and discriminatory

24. As a direct and proximate result of the breach by Defendants APWU and Local APWU No. 7011, of their duty of fair representation to Plaintiff, as herein alleged, Plaintiff has been damaged due to his termination by Defendant USPS in a sum which he would have earned from such employment had Defendant USPS not wrongfully terminated Plaintiff; additionally, Plaintiff has been damaged by loss of his seniority, loss of fringe benefits, loss of other benefits to which he was entitled under the Collective Agreement, physical hardship, and severe and continuous emotional distress.

WHEREFORE Plaintiff, GERAL A. BERRY, by counsel, respectfully prays the Court to advance this case on the docket and expedite it in every way to issue a judgment that Defendants APWU and Local APWU No. 7011 acts, policies, practices, and procedures complained of herein violated Plaintiffs rights under Section 301 of the Labor Management Relations Act; to award Plaintiff back pay, future pay, compensatory relief in the form of emotional pain, suffering, inconvenience, mental anguish, and lose of enjoyment of life, and consequential damages to make him whole; to enjoin Defendants from the same discriminatory conduct in the future; to grant Plaintiff the costs of this action and attorney fees; to grant Plaintiff a jury trial on those issues triable by jury; and to allow such additional relief as the Court deems just and proper.

GERALD A. BERRY

BY: /s/ Michael T. Smith

Michael T. Smith
Trial Attorney

Michael T. Smith #
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626

Gary Abrams
55 W. Monroe
12th Floor
Chicago, IL 60603