THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| Gerald A. Berry, )<br>)<br>    Plaintiff )<br>)<br>    v. )<br>)<br>John E. Potter, Postmaster General of )<br>the United States Postal Service and American )<br>Postal Workers Union and American Postal )<br>Workers Union Local 7011, )<br>)<br>    Defendants. )<br>) | Case No. 07CV6282<br>Judge Der-Yeghiayan |

**MEMORANDUM IN SUPPORT OF
THE MOTION TO DISMISS OF
THE AMERICAN POSTAL WORKERS UNION**

Defendant American Postal Workers Union ("APWU")[1] submits this memorandum in support of its motion to dismiss the complaint of plaintiff Gerald Berry ("Berry") because it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Berry alleges that the APWU and Local 7011 breached the duty of fair representation by withdrawing his grievance without his consent or knowledge, compl. ¶ 22, which he avers constitutes capricious, arbitrary, and discriminatory behavior. Compl. ¶ 23. A union may be found to breach its duty of fair representation "only when [its] conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). Although Berry alleges that the APWU and Local 7011 treated him in such a manner, his complaint lacks factual support for this conclusory allegation. Although Berry's complaint need not contain detailed factual

---

[1] The plaintiff also sued American Postal Workers Union Local 7011 ("Local"), but as of this date the Local has not been served with process.

allegations in order to survive a Rule 12(b)(6) motion, he nonetheless must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007). Berry's complaint lacks facts supporting, or even suggesting, that the APWU or Local 7011 breached the duty of fair representation. Accordingly, the APWU respectfully requests that its motion to dismiss for failure to state a claim be granted.

## I.    STATEMENT OF THE CASE

Berry's claims against the APWU and Local 7011 form half of a hybrid breach of contract/breach of the duty of fair representation suit under Section 1208(b) of the Postal Reorganization Act, 39 U.S.C. § 1208(b), the postal analog to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). *See Bowen v. U.S. Postal Service,* 459 U.S. 212 (1983). Berry began his employment with the Postal Service in 1990, working full-time as a mail clerk. Compl. ¶¶ 13-14. Throughout the tenure of his employment, Berry was a member of Local 7011, in good standing. Compl. ¶ 7. On or about March 3, 2006, the Postal Service terminated Berry's employment. Compl. ¶ 15. Berry claims that the APWU and Local 7011 breached the duty of fair representation when APWU National Business Agent John Clark withdrew Berry's grievance without Berry's consent or knowledge. Compl. ¶ 22. This decision, Berry alleges, was tantamount to capricious, arbitrary, and discriminatory treatment. Compl. ¶ 23.

## II.   LEGAL STANDARD FOR GRANTING A 12(b)(6) MOTION TO DISMISS

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court emphasized that, to survive a Rule 12(b)(6) motion, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." 127 S.Ct. at 1965. Although a complaint need not contain detailed factual allegations, it must nonetheless "allege facts suggestive of illegal conduct," *id.* at 1969, and "possess enough heft to show that the pleader is entitled to relief." *Id.* at 1965. Mere legal labels and conclusions, or a formulaic recitation of the elements of a cause of action, will not survive dismissal. *Id.* In sum, a complaint must allege enough facts to state a plausible claim to relief. *Id.* at 1974.

The duty of fair representation is a doctrine established in the 1940s in response to racially discriminatory employer-union bargaining and negotiations. See *Steele v. Louisville & N.R. Co.*, 323 U.S. 192 (1944). Because the Railway Labor Act and the National Labor Relations Act grant a union the status of exclusive bargaining representative for all employees in a bargaining unit, a union has a corresponding "obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca*, 386 U.S. at 177 (citing *Humphrey v. Moore*, 375 U.S. 335, 342 (1964)). A court may find that a union breached its duty of fair representation "only when [its] conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 190. Bad faith requires a showing of fraud, deceitful, or dishonest action, *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 299 (1971), while arbitrary behavior is that which is so far outside a wide range of reasonableness as to be irrational. *Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 67 (1991).

**III.   ARGUMENT: BECAUSE BERRY'S COMPLAINT CONTAINS NO FACTS SUGGESTIVE OF A BREACH OF THE DUTY OF FAIR REPRESENTATION, IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND SHOULD THEREFORE BE DISMISSED.**

Berry's complaint cannot withstand the *Twombly* test. Under *Twombly*, Berry must allege facts sufficient to raise his right to relief above the speculative level. 127 S.Ct. at 1965. This Berry has not done. Save for the claim that National Business Agent Clark withdrew the grievance without Berry's knowledge or consent, Berry has pleaded no facts whatsoever. He has simply listed the duty of fair representation standard: arbitrary, discriminatory, or bad faith treatment, although Berry has substituted the word "capricious" for the term "bad faith." *Twombly* explicitly requires more than "a formulaic recitation of the elements of a cause of action." *Id*. Because Berry's complaint is nothing more than a conclusory statement that the AWPU and Local 7011 breached the duty of fair representation, it cannot survive this Rule 12(b)(6) motion to dismiss.

The fact that a union withdraws a grievance without the knowledge or consent of the grievant is wholly inadequate to support a claim for breach of the duty of fair representation. It is not the individual employee who controls the grievance or who requests arbitration; rather, the union, as the exclusive employee bargaining representative, "supervise[s] the grievance machinery and invoke[s] arbitration." *Vaca*, 386 U.S. at 191. A union has the "discretion to act in consideration of such factors as the wise allocation of its own resources, its relationship with other employees, and its relationship with the employer." *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 369 (7th Cir. 2003). It follows that "only an egregious disregard for the union members' rights constitutes a breach of the union's duty." *Id*. (citing *Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171, 1176 (7th Cir. 1995)). Additionally, courts in review of union decisions accord union officials a high level of deference, in recognition of the union's role as co-author of the law of the shop and of the "wide

latitude that negotiators need for the effective performance of their bargaining responsibilities," *O'Neill*, 499 U.S. at 78. To be found arbitrary, a union's actions must be "far outside a wide range of reasonableness." *Trnka v. United Auto, Aerospace, & Agric. Implement Workers of America*, 30 F.3d 60, 62 (7th Cir. 1994).

No factual allegations in Berry's complaint are even suggestive of egregious disregard of his rights. Moreover, Berry has no individual right to participate in the grievance process. See *e.g. Titanium Metals Corp. v. NLRB*, 392 F.3d 439, 438 (D.C. Cir. 2004) (finding that "absent rights specified under a collective bargaining agreement, bargaining unit employees have no right to participate in contract grievance proceedings"). Thus, neither Berry's lack of knowledge of the withdrawal of the grievance[2] nor the absence of Berry's consent is suggestive of arbitrary, capricious, or discriminatory conduct on the part of the APWU or Local 7011. Further, Berry has failed to allege how the APWU's decision to withdraw his grievance falls outside the wide range of reasonableness accorded unions. Berry should not expect this Court to conjure up unpleaded facts; rather it is Berry's responsibility to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. Because Berry's complaint lacks factual support for a conceivable duty of fair representation breach, let alone a plausible one, the complaint cannot survive dismissal under Rule 12(b)(6).

## IV.  CONCLUSION

For the foregoing reasons, defendant AWPU respectfully asks this court to grant its motion to dismiss Plaintiff Berry's complaint.

---

[2] The APWU does not admit that it withdrew Berry's grievance or failed to inform him that it had done so.

Dated: February 13, 2008 	Respectfully submitted,

        ALLISON, SLUTSKY & KENNEDY, P.C.

        By:  /s/ Karen I. Engelhardt
        Karen I. Engelhardt
        ARDC 3128850
        Kie@ask-attorneys.com

        Thomas D. Allison
        Allison@ask-attorneys.com
        230 West Monroe Street, Suite 2600
        Chicago, IL 60606
        (312) 364-9400/Fax (312) 364-9410

        O'DONNELL, SCHWARTZ & ANDERSON, P.C.

        Anton G. Hajjar
        Ahajjar@odsalaw.com
        1300 L Street, N.W., Suite 1200
        Washington, DC 20005
        (202) 898-1707/Fax (202) 682-9276

        *Attorneys for the American Postal Workers Union, AFL-CIO*