## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **GERALD A. BERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No: 07 CV 6282** |
| | ) | |
| vs. | ) | **Judge Der-Yeghiayan** |
| | ) | |
| **JOHN E. POTTER, POSTMASTER GENERAL OF** | ) | **JURY DEMAND** |
| **THE UNITED STATES POSTAL SERVICE and** | ) | |
| **AMERICAN POSTAL WORKERS and AMERICAN** | ) | |
| **POSTAL WORKERS UNION LOCAL  7011,** | ) | **Magistrate Judge Nolan** |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, GERALD A. BERRY, by and through his attorneys, Michael T. Smith and Gary Abrams, and after leave of court to amend his complaint, and in complaining of the Defendants as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this as an action against Defendant, JOHN E. POTTER, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE ("USPS") for discharge in violation of a collective bargaining agreement; against Defendant, AMERICAN POSTAL WORKERS UNION, AFL-CIO ("APWU") and against Defendant, O'HARE AMC LOCAL 7011 branch of the (APWU (" Local 7011") for breach of its duty of fair representations of a members.

2. This action arises and the jurisdiction of this Court is based upon, Section 301 of the Management Relations Act, as amended, 29 U.S.C. § 185.

3.    Plaintiff has exhausted all administrative remedies provided for the parties' collective bargaining agreement and has timely filed this suit after Plaintiff received notice of the breach of duties owed under the collective bargaining agreement by USPS, and APWU and LOCAL 7011 after receipt of notice of not receiving fair representation by his Union.

## VENUE AND THE PARTIES

4.  Plaintiff resides at 1906 S. Ridgelend Avenue, Berwyn, Illinois 60402.

5.  Plaintiff is a citizen and resident of Cook County, Illinois.

6.  At all times relevant, John E. Potter served in the capacity of Postmaster General of the United States Postal Service.

7.  Defendant Local APWU No. 7011 is a labor organization of which the Plaintiff at all relevant times, was a member in good standing.

8.  Defendant Local APWU No. 7011 is a not-for-profit corporation in Illinois with its principle place of business located in Cook County, Illinois.

9.  Defendant APWU is the parent organization of Local APWU No. 7011 and has a responsibility to protect the rights of its local members.

10.  At all times relevant herein, Defendant USPS and Defendants APWU and Local APWU No. 7011 were parties to a written collective agreement, entitled "Agreement between American Postal Workers Union, AFL-CIO and U.S. Postal Service" hereinafter referred to as "Collective Agreement."

11.  At all times relevant herein, the Collective Agreement governed the terms and conditions of Plaintiffs employment with Defendant USPS.

## AS AND FOR A FIRST CAUSE OF ACTION

## DEFENDANT USPS' BREACH OF COLLECTIVE AGREEMENT

12.  Paragraphs I through 11 are incorporated herein by reference.

13.  Plaintiff began his employment with Defendant USPS in July of 1990..

14.  At all times relevant herein, Plaintiff was employed by Defendant USPS at the Castleton, Indiana branch location as a full time employee in the registry department performing duties associated with the clerk mail that is registered and insured.

15.  On or about March 3, 2006, Defendant breached the Collective Agreement when it summarily terminated Plaintiff's employment, without just cause, in violation of the Collective Agreement and, at all times since that date. Further, justification to terminate Plaintiff came from inaccurate dates (See Exhibits A & B) from violation of a Last Chance Agreement between USPS, the Union, and the Plaintiff which dates were contrary to the evidence presented by Plaintiff. Defendant USPS has refused to reinstate Plaintiff to his former position of employment.

16.  As a direct and proximate result of the breach of the Collective Agreement by Defendant USPS Plaintiff has been damaged by loss of his employment in a sum which she would have earned from such employment had Defendant USPS not wrongfully terminated Plaintiff; additionally, Plaintiff has been damaged by loss of seniority, loss of fringe benefits, loss of other benefits to which he was entitled under the Collective Agreement, physical hardship, and severe and continuous emotional distress.

WHEREFORE Plaintiff GERALD A. BERRY, by counsel, respectfully prays the Court to advance this case on the docket and expedite it in every way to issue a judgment that Defendant USPS' acts, policies, practices, and procedures complained of herein violated Plaintiffs rights under Section 301 of the Labor Management Relations Act; to award Plaintiff back pay, future pay, compensatory relief in the form of emotional pain, suffering, inconvenience, mental anguish, and lose of enjoyment of life and consequential

3

damages to make him whole; to enjoin Defendants from the same discriminatory conduct in the future; to grant Plaintiff the costs of this action and attorney fees; to grant Plaintiff a jury trial on those issues triable by jury; and to allow such additional relief as the Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION

## BREACH OF DUTY OF FAIR REPRESENTATION BY DEFENDANTS APWU AND LOCAL 7011

17.  Plaintiff incorporates paragraphs I through 16 herein by reference.

18.  At all times material herein, Defendants APWU and Local APWU No. 7011 owed a duty of fair representation to all members of APWU Local No. 7011, including the Plaintiff, i.e. the duty to represent Plaintiff and all other members of APWU in the administration of the Collective Agreement without arbitrary discrimination.

19.  APWU Local No. 7011 breached its duty of fair representation when the National Business Agent for APWU entered into an Agreement to Withdraw Plaintiff's Grievance on September 20, 2006 without his knowledge and to his detriment after receipt of evidence to the unions various officials of a complete defense to Plaintiff's Removal process. Plaintiff had no knowledge of said withdrawal of his grievance until he received a letter on May 12, 2007, from APWU dated May 10, 2007. (See Exhibit "A" and "B")

20.  Defendants APWU and Local APWU No. 7011 breached their duty of fair representation as follows:

   a) On or about November 10, 2004, APWU No. 7011 and USPS reached an agreement that would allow Plaintiff to remain employed under a Last Chance Agreement ("Agreement") which Plaintiff was required to sign so as to maintain employment with USPS. APWU allowed the Agreement, (which is part of the

4

current issues with APWU).  The most important part, among other things, was that APWU was allowing, as part of the verbiage under paragraph 3, that Plaintiff could violate the provision of the agreement, even if Plaintiff had emergency leave requirements. See Exhibit C.

b) On or before October 31, 2005, due to circumstances beyond Plaintiff's control, Plaintiff was scheduled to spend 5 days in County jail. Prior to that date of incarceration, Plaintiff with his union steward did approach Plaintiff's Plant Manager to request mandatory time off  because plaintiff was under a court order to turn himself in for a mandatory jail sentence. After meting with the union steward and Plant Manager for USPS, the Plant Manager denied Plaintiff's request for mandatory time off. Plaintiff therefore, in order to comply with the court order of incarceration, had to take time off without approval,  otherwise he would face being picked up my the Sheriff's Office. Upon leaving the  meeting Plaintiff requested his steward to take action since this would violate Plaintiff's Last Chance Agreement, wherein, Patrick Parks, Plaintiff's union steward, indicated there was nothing he could do to protect Plaintiff. Plaintiff informed his union steward that he (Plaintiff) believed he was being discriminated against because of his color (African-American) and wanted to file a complaint with the EEO, for which the union steward told Plaintiff not to do that because it could make things worse for himself (Plaintiff). At no time after this meeting with the Plant Manager, the union steward and Plaintiff, did the union attempt to protect Plaintiff from the unfair, unreasonable and discriminatory  action of the Plant Manager for the USPS.

5

c) That on the 11th day of January, 2006, Plaintiff was issued a removal notice by the

USPS for violating a Last Chance Settlement Agreement stating that Plaintiff

had violated the Last Chance Agreement because of unscheduled absences on:

    1) 08-27-08-31-05
    2) 12-26-05
    3) 01-02-06
    4) 01-09-06

See Exhibit D.

d) Plaintiff contacted union steward and presented the union steward with evidence,

including time clock records, payroll records, and dispatch data,

showing that on 1) 08-27-05 through 08-31-05, Plaintiff did for work on

August 29, 2005, wherein he swiped his card for Registered Mail Dispatch Bill

(See group Exhibit E; 2) 12-26-06, Plaintiff worked and was paid for said day

(See Exhibit F; Plaintiff's paycheck stub); 3) 01-02-06, Plaintiff worked on said

day and swiped and had his records of swipes for that day and other which

appeared on a Report (See Group Exhibit G; History Report 12/31/05 to 01/3/06);

01/09/06, Plaintiff called in sick and had an approved day. After receipt and review

of Exhibit D, Plaintiff took action and filed grievances for the wrongful issuance of

a Removal. Plaintiff presented all the information and evidence to support the

wrongful removal.

e) After Plaintiff challenged the wrongful issuance of the Removal (Exhibit D), the

Union allowed USPS to issue another Removal wherein the dated where

changed as follows:

10-31-05 to 11-04-05

01-02-06
01-09-06

(Exhibit H)

f)    Plaintiff again contacted his union steward to challenge these wrongful

assertions. Plaintiff called upon his steward to grieve these dates as having

already responded with evidence to support the wrongful assertions for  the dates

of  01-02-06 and 01-09. Further, Plaintiff reminded his union steward of

Plaintiff's required jail sentence for a DUI which caused his incarceration

10-31-05 through 11-04-05, as a court mandated jail sentence.

g)    Thereinafter, all issues went through the appropriate grievance procedures until,

the scheduling of an Appeal to Arbitration was scheduled June 27, 2006.

Thereafter, even through Plaintiff had presented evidence to support the wrongful

Removal procedure, on September 20, 2006 a settlement and an agreement to

withdraw the arbitration was agreed to between the Union and USPS  such

agreement being entered into a withdrawal of Plaintiff's grievance without the

consent or  knowledge of Plaintiff;

21.   Defendants APWU and Local APWU No. 7011 violated Members' Bill of Rights by

breaching its statutory duty of fair representation after Union Stewart Zachery Lucas to

filed grievances for the Plaintiff at his request.

22.   In bad faith and without just cause APWU and Local APUM No. 7011 disregarded

all the proper evidence presented to defeat the false allegations contained in both Notice

of Removal issued by the USPS. Further, Defendants APWU and Local APWU No. 7011

of the Union and it's agents in terminating the arbitration procedure without Plaintiff's

knowledge and for treatment of the Plaintiff was capricious, arbitrary, and discriminatory

7

and failed to properly represent Plaintiff.

23.     As a direct and proximate result of the breach by Defendants APWU and Local APWU No. 7011, of their duty of fair representation to Plaintiff, as herein alleged, Plaintiff has been damaged due to his termination by Defendant USPS in a sum which he would have earned from such employment had Defendant USPS not wrongfully terminated Plaintiff; additionally, Plaintiff has been damaged by loss of his seniority, loss of fringe benefits, loss of other benefits to which he was entitled under the Collective Agreement, physical hardship, and severe and continuous emotional distress.

WHEREFORE Plaintiff, GERALD A. BERRY, by counsel, respectfully prays the Court to advance this case on the docket and expedite it in every way to issue a judgment that Defendants APWU and Local APWU No. 7011 acts, policies, practices, and procedures complained of herein violated Plaintiffs rights under Section 301 of the Labor Management Relations Act; to award Plaintiff back pay, future pay, compensatory relief in the form of emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, and consequential damages to make him whole; to enjoin Defendants from the same discriminatory conduct in the future; to grant Plaintiff the costs of this action and attorney fees; to grant Plaintiff a jury trial on those issues triable by jury; and to allow such additional relief as the Court deems just and proper.

GERALD A. BERRY

BY: _____

Michael T. Smith
Trial Attorney

Michael T. Smith #
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626

Gary Abrams
55 W. Monroe
12th Floor
Chicago, IL 60603

**APWU**

# American Postal Workers Union, AFL-CIO

*John R. Clark*
*Percy Harrison, Jr.*
*Lynn Pallas-Barber*
National Business Agents
330 S. Wells St. Suite 810
Chicago, IL 60606
(312) 663-0975 (office)
(312) 663-3181 (fax)

**National Executive Board**

William Burrus
President

Cliff "C. J." Guffey
Executive Vice President

Terry Stapleton
Secretary-Treasurer

Greg Bell
Industrial Relations Director

James "Jim" McCarthy
Director, Clerk Division

Steven G. "Steve" Raymer
Director, Maintenance Division

Robert C. "Bob" Pritchard
Director, MVS Division

Sharyn M. Stone
Central Region Coordinator

Jim Burke
Eastern Region Coordinator

Elizabeth "Liz" Powell
Northeast Region Coordinator

William "Bill" Sullivan
Southern Region Coordinator

Omar M. Gonzalez
Western Region Coordinator

May 10, 2007

Mr. Gerald A. Berry
1906 S. Ridgeland Ave.
Berwyn, IL 60402

Re: Case # J00C1JD06075560, Local # JMAMC06011, BA# 66678

Dear Mr. Berry:

This is in response to your letter dated 05/06/07. It is noted that no documents were attached to your letter. Pursuant to your request, attached you will find a copy of the moving papers for the above referenced grievance, including:

1. Notice of Removal (Last Chance Agreement) dated 11/10/04
2. Notice of Removal dated 1/18/06
3. Step 2 Grievance Appeal Form dated 2/07/06
4. Step 2 Decision dated 3/14/06
5. Step 3 Grievance Appeal Form dated 3/21/06
6. Step 2 Appeal to Arbitration Grievance Form dated 3/21/06
7. Arbitration scheduling letter dated 6/27/06
8. Local Certification-Direct Appeal letter dated 9/8/06
9. Settlement/withdrawal agreement dated 9/20/06

If you have any questions about this matter you can contact me at tel. # 312-663-0975.

Wishing you the best of luck in your future endeavors,

Sincerely,

John R. Clark
National Business Agent, APWU

Attachments

cc:  V. Fleming
     file

*Exhibit A*

JRC/pf

# PRE-ARBITRATION SETTLEMENT

Regional No.:  J00C-1J-D-06075560

NBA No.:  66678

Local No.:  JM-AMC-06-011

Grievant:  Gerald Berry

Location:  AMC O'Hare

As a final and complete settlement of the above referenced grievance and without prejudice to the position of either party in any other case the above referenced grievance has been resolved on the basis that the Union withdraws this case from the grievance/arbitration procedure.

_____
Gregory Thadison
United States Postal Service

_____
John R. Clark
American Postal Workers Union, AFL-CIO

9/20/06
_____
Date

9/20/06
_____
Date

EXhibiT B


**UNITED STATES**
**POSTAL SERVICE**

**Date:**        **NOVEMBER 10, 2004**

**SUBJECT:**   NOTICE OF REMOVAL (LAST CHANCE AGREEMENT)

**TO:**         **GERALD A. BERRY**              SSN: 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
              **FULL-TIME REGULAR CLERK**        P/L: 114

On Monday, November 8, 2004, Gerald Berry, and Plant Manager, Gerald Kubick, met to
discuss the status of his Notice of Removal dated November 3, 2004, for **Failure to**
**Maintain a Regular Attendance Record.**

**The Notice of Removal will be reduced to a Long Term Suspension, time served; no**
**back pay.**

**You have agreed to the following stipulations:**

1.  I agree to meet with EAP and follow any and all recommendations made by EAP.
    The EAP appointment must be made within Seven (7) days after signing this agreement.

2.  I agree to sit down with MDO, Olivia Martinez, every 30 days to discuss my job
    responsibilities and to discuss the status of my attendance and job performance.

3.  I agree to maintain satisfactory attendance during the terms of this agreement.
    "Satisfactory attendance" for the purpose of this agreement is defined as "no more
    than three(3) unscheduled absences during any six (6) month period of this agreement."
    That also means no instances of AWOL. Unscheduled absences are defined for the
    purpose of this agreement as "any absence not scheduled and approved in advance
    of the employee's scheduled reporting time and it includes but is not limited to, tardiness,
    emergency leave (such as emergency, annual, or sick leave),leave without pay (LWOP),
    and failure to report/remain as scheduled for overtime work or holiday work."

4.  I agree that future performance deficiencies, including but not limited to, leaving my duty
    station or not performing my assigned duties will be grounds for removal. Further, I
    agree that any instances of being absent from my assignment without permission, any
    instance  for failure to follow instructions, or any AWOL, will constitute violation of this
    settlement agreement and will be grounds for removal.

5.  I agree to meet all terms and conditions listed in this agreement for a period of two (2)
    years from the date of the signing of this agreement.

11600 IRVING PARK ROAD
CHICAGO, IL 60666-9998
(773) 894-1401

*Exhibit C*

- 2 -

6. It is agreed by all parties to this agreement that any violation of the terms or conditions of this agreement will result in the re-issuance of a removal. It is further understood that this settlement agreement constitutes an absolute **last chance** to remedy any **conduct** and **attendance problems.**

7. There will be no compensation as a result of this settlement.


I *Gerald Berry*, have read and understood the conditions and restrictions set forth in this settlement agreement. I am mentally and physically fit so as to be able to understand this agreement in it's entirety. I freely sign this agreement without reservation, duress, or coercion on the part of anyone. I agree to abide by the terms of this agreement.

I agree to voluntarily withdraw any outstanding complaints or appeals, and to request that any grievances be withdrawn. It is understood that this settlement is contingent upon those complaints, appeals, or grievances being withdrawn.


_____          _____
Management                          11/13/04   Date

_____          _____
Union                               11/18/4   Date

_____          _____
Employee Signature                  11/18/4   Date

## NON - VETERAN PREFERENCE ELIGIBILITY

**January 11, 2006**

**SUBJECT:    NOTICE OF REMOVAL**

| | | |
|---|---|---|
| **TO:** | **Gerald A. Berry** | **SSN: 334 62 1669** |
| | **F.T. Regular Clerk** | **Pay Location 114** |

You are hereby given not less than thirty (30) days advance written notice of your removal from the Postal Service.  The reason (s) for this removal action are:

You are charged with **Violating the Last Chance Settlement signed by you on November 18, 2004**, as evidenced by your unscheduled absences on:

| | |
|---|---|
| **01-09-06** | **8.00hrs. A/L** |
| **01-02-06** | **8.00hrs. AWOL** |
| **12-26-05** | **8.00hrs. AWOL** |
| **08-27-05 – 08-31-05** | **40.00hrs. A/L** |

**In addition as outlined below, you violated the Last Chance Removal Settlement stipulations.**

3.  You agreed to maintain satisfactory attendance during the term of this agreement.  "Satisfactory attendance" for the purposes of this agreement is defined as no more than three (3) unscheduled absences during any six (6) month period of this agreement.  That also means <u>no instances of AWOL</u>. Unscheduled absences are defined for the purposes of this agreement as "any absence not scheduled and approved in advance of your scheduled reporting time and it includes but is not limited to, tardiness, emergency leave (such as emergency annual or sick leave), leave without pay (LWOP) and failure to report/remain as scheduled for overtime work or <u>holiday work.</u>"

5.  You agree to meet all terms and conditions listed in this settlement for a period of two (2) years from the signing of this settlement.

6.  It is agreed by all parties to this agreement that any violation of the terms or conditions of this agreement will result in the re-issuance of a removal.  It is further understood that this settlement-agreement constitutes **a Last Chance** for you to correct your attendance problems.

EXhibiT D

Page 2 - Gerald A. Berry

The following elements of your past record have been reviewed in taking this action:

| | |
|---|---|
| 04-23-04 | **Fourteen (14) day Suspension for Failure to Maintain a Regular Attendance Record.** |
| 11-05-03 | **Fourteen (14) day Suspension for Conduct Unbecoming.** |
| 11-21-02 | **Seven (7) day Suspension for Failure to Maintain a Regular Attendance Record.** |
| 01-24-02 | **Seven (7) day Suspension for Failure to Maintain a Regular Attendance Record.** |
| 01-24-01 | **Letter of Warning for Failure to Maintain a Regular Attendance Record.** |

You have the right to file a grievance under the Grievance -Arbitration procedure set forth in Article 15, Section 2 of the National Agreement within 14 days of your receipt of this notice.

If this action is overturned on appeal, back pay will be allowed, unless otherwise specified in the appropriate award or decision, **ONLY IF YOU HAVE MADE REASONABLE EFFORTS TO OBTAIN OTHER EMPLOYMENT DURING THE RELEVANT NON-WORK PERIOD.** The extent of documentation necessary to support your back pay claim is explained in the ELM, Section 436 (copy attached).

SIGNATURE OF SUPERVISOR
**Edwin Muniz**
**Supervisor Distribution Operations**
**Tour 1 Leave Control**

APPROVAL OF INSTALLATION
HEAD OR DESIGNEE

RECEIVED BY EMPLOYEE

DATE 1/10/06 TIME



# UNITED STATES POSTAL SERVICE

**Registered Mail Dispatch Bill**
Con-Con Container

| Rotary Lock/Seal No.: | S280127-0042 | | Jacket No: | | REGISTERS | Postmark of | Postmark of |
|---|---|---|---|---|---|---|---|

Rotary Lock/Seal No.: S280127-0042

Bill No:    Page No: 1 of 1    Jacket No:    Airmail:

Control No:    Bulk Count: 0    Wgt.:

To:    LOS ANGELES P&DC–90052–9998
(Post Office)

Postmark of
OHARE AMC
08/29/2005
Dispatching Office

Postmark of
OHARE AMC
08/29/2005
Dispatching Office

| | Article Number | Origin/Destination | | Article Number | Origin/Destinatio |
|---|---|---|---|---|---|
| 1 | øRB886682172US | 40253 LAX | 2 | $79272839 | 43218 LAX |
| 3 | $79449176 | 14692 LAX | 4 | $78578027 | 13220 LAX |
| 5 | $78577982 | 13220 LAX | 6 | $79449180 | 14692 LAX |
| 7 | $43105415 | 40231 LAX | 8 | $43105411 | 40231 LAX |
| 9 | $76934070 | 60607 LAX | | | |

Bill No.

A.M. Rte. & Flt. No.

Jacket No.

S280127-0042
Rotary Lock/Seal No.

Received
articles described on above
specified bill from dispatching
office named in postmark.

Receiving Clerk

POSTMASTER

total of 9 articles
sent by this dispatch

(Printed by: G. Berry) Dispatching Clerk

Postmark of    Postmark of

POSTMASTER

total of articles
received by this dispatch

Receiving Office    Receiving Office

Receiving Clerk

S Form 3854-A, November 1993
Printed 08/29/2005 5:40 am
Dispatch Site: OHARE AMC

**300179.000062**

Form ID: 300179.000062
Printed 08/29/2005 5:40 am

EXHIBIT GROUP E



**UNITED STATES POSTAL SERVICE ®**

## Registered Mail Dispatch Bill
### Con-Con Container

| | | | | | |
|---|---|---|---|---|---|
| Rotary Lock/Seal No: | S312021-0023 | Jacket No: | | | |
| Bill No: | | Page No: 1 of 1 | Airmail: | | |
| Control No: | | Bulk Count: | 0 | Wgt.: | |
| To: | | | | | |

LOS ANGELES P&DC-90052-9998

*(Post Office)*

**REGISTERS**

Postmark of
OHARE AMC

08/29/2005
Dispatching Office

Postmark of
OHARE AMC

08/29/2005
Dispatching Office

| | Article Number | Origin/Destination | | Article Number | Origin/Destination |
|---|---|---|---|---|---|
| 1 | øRA944740535US | 14830 LAX | 2 | øR0450 | DENMARK LAX |
| 3 | øR0599 | DENMARK LAX | 4 | øRR713016768 | SVERIGE LAX |

Bill No.

A.M. Rte. & Flt. No.

Jacket No.

S312021-0023
Rotary Lock/Seal No.

Received
articles described on above
specified bill from dispatching
office named in postmark.

Receiving Clerk

| | | |
|---|---|---|
| POSTMASTER | | |
| A total of 4 articles sent by this dispatch | *(Printed by: G. Berry)* Dispatching Clerk | Postmark of      Postmark of |
| POSTMASTER | | Receiving Office      Receiving Office |
| A total of articles received by this dispatch | Receiving Clerk | |

**PS Form 3854-A, November 1993**
Printed 08/29/2005 4:48 am

Dispatch Site: OHARE AMC

**300181.000062**

Form ID: 300181.000062
Printed 08/29/2005 4:48 am


# UNITED STATES POSTAL SERVICE ®

**FINAL GATE**
## Registered Mail Dispatch Bill

| | | | |
|---|---|---|---|
| Rotary Lock/Seal No: | | Jacket No: | |
| Bill No: | Page No: **1** of **1** | Airmail: **UA Flight 109** | |
| Control No: | Bulk Count: **0** | Wgt.: **320#** | |
| To: | **LOS ANGELES P&DC-90052-9998** | | |
| | *(Post Office)* | | |

**REGISTERS**

Postmark of
OHARE AMC

08/29/2005
Dispatching Office

Postmark of
OHARE AMC

08/29/2005
Dispatching Office

| | Article Number | Origin/Destination | | Article Number | Origin/Destinatio |
|---|---|---|---|---|---|
| 1 | ¢S280127-0042 | 60666 | 2 | ¢S28/6732-0056 | 60666 |
| | | 104# LAX | | | 107# LAX |
| 3 | ¢S312021-0023 | 60666 | 4 | ¢S132093-0112 | 60688 |
| | | 45# LAX | | | 64# LAX |

Bill No.

A.M. Rte. & Flt. No.

Jacket No.

Rotary Lock/Seal No.

Received
articles described on above
specified bill from dispatching
office named in postmark.

Receiving Clerk

---

A total of **4** articles
sent by this dispatch

POSTMASTER

*(Printed by: G. Berry)* Dispatching Clerk

Postmark of

Postmark of

A total of ____ articles
received by this dispatch

POSTMASTER

Receiving Clerk

Receiving Office

Receiving Office

---

**PS Form 3854-A, November 1993**
Printed 08/29/2005 5:41 am

Dispatch Site: OHARE AMC



**300182.000062**

Form ID: 300182.000062
Printed 08/29/2005 5:41 am



**EXHIBIT F2**

# UNITED STATES POSTAL SERVICE ®

## Registered Mail Dispatch Bill
### Orange Nylon Pouch

| | | | | | | REGISTERS | Postmark of<br>OHARE AMC | Postmark of<br>OHARE AMC |
|---|---|---|---|---|---|---|---|---|
| Rotary Lock/Seal No: | **72956899** | | Jacket No: | | | | | |
| Bill No: | | Page No: | 1 of 2 | Airmail: | | | 08/29/2005 | 08/29/2005 |
| Control No: | | Bulk Count: | 36 | Wgt.: | | | Dispatching Office | Dispatching Office |
| To: | LOS ANGELES P&DC-90052-9998 | | | | | | | |
| | *(Post Office)* | | | | | | | |

| # | Article Number | Origin/Destination | # | Article Number | Origin/Destination | |
|---|---|---|---|---|---|---|
| 1 | RB342811025US | | 2 | RA186418514US | | |
| 3 | RB986460845US | | 4 | RB731097839US | | **Bill No.** |
| 5 | RT818736866CA | | 6 | RT726900941CA | | **A.M. Rte. & Flt. No.** |
| 7 | RT659896028CA | | 8 | RT670898808CA | | |
| 9 | RT932716865CA | | 10 | RT620843660CA | | |
| 11 | RT859723235CA | | 12 | RT860579266CA | | **Jacket No.** |
| 13 | RT819047749CA | | 14 | RT861037332CA | | **72956899** |
| 15 | RT483293671CA | | 16 | RT930502487CA | | **Rotary Lock/Seal No.** |
| 17 | RT933079317CA | | 18 | RT053770685CA | | Received<br>articles described on above<br>specified bill from dispatching<br>office named in postmark. |
| 19 | RT860751542CA | | 20 | RT819343684CA | | |
| 21 | RT863781702CA | | 22 | RT819343675CA | | **Receiving Clerk** |
| 23 | RT863782107CA | | 24 | RT821881259CA | | |
| 25 | RT702304406CA | | 26 | RT817759976CA | | |
| 27 | RT820033702CA | | 28 | RT932706148CA | | |
| 29 | RT705829717CA | | 30 | RT861225401CA | | |

| | POSTMASTER | | | Postmark of | Postmark of |
|---|---|---|---|---|---|
| A total of 69 articles<br>sent by this dispatch | (Printed by: G. Berry) | Dispatching Clerk | | | |
| | POSTMASTER | | | Receiving Office | Receiving Office |
| A total of articles<br>received by this dispatch | | Receiving Clerk | | | |

PS Form 3854-A, November 1993
Printed  08/29/2005  3:55 am

Dispatch Site:  OHARE AMC

**300172.000062**

Form ID: 300172.000062
Printed: 08/29/2005  3:55 am



# UNITED STATES POSTAL SERVICE ®

**Registered Mail Dispatch Bill**
**Con-Con Container**

| | | |
|---|---|---|
| Rotary Lock/Seal No: **S286732-0056** | Jacket No: | |
| Bill No: | Page No: **1 of 1** | Airmail: |
| Control No: | Bulk Count: **0** | Wgt.: |
| To: **LOS ANGELES P&DC-90052-9998** | | |

*(Post Office)*

**REGISTERS**

Postmark of
OHARE AMC

08/29/2005
Dispatching Office

Postmark of
OHARE AMC

08/29/2005
Dispatching Office

| | Article Number | Origin/Destination | | Article Number | Origin/Destination |
|---|---|---|---|---|---|
| 1 | $70687567 | 60666 LAX | 2 | $72956899 | 60666 LAX |

Bill No.

A.M. Rte. & Flt. No.

Jacket No.

**S286732-0056**

Rotary Lock/Seal No.

Received
articles described on above
specified bill from dispatching
office named in postmark.

Receiving Clerk

| | POSTMASTER | Postmark of | Postmark of |
|---|---|---|---|
| A total of **2** articles sent by this dispatch | (Printed by: G. Berry) Dispatching Clerk | | |
| A total of articles received by this dispatch | POSTMASTER | Receiving Office | Receiving Office |
| | Receiving Clerk | | |

**PS Form 3854-A, November 1993**
Printed  08/29/2005   4:46 am

Dispatch Site:   OHARE AMC

**300180.000062**

Form ID: 300180.000062
Printed: 08/29/2005   4:46 am



# UNITED STATES
## POSTAL SERVICE ®

**Registered Mail Dispatch Bill**
**Orange Nylon Pouch**

| | | | | REGISTERS | Postmark of | Postmark of |
|---|---|---|---|---|---|---|
| Rotary Lock/Seal No: | **70687567** | Jacket No: | | | OHARE AMC | OHARE AMC |
| Bill No: | Page No: 1 of 1 | Airmail: | | | | |
| Control No: | Bulk Count: 32 | Wgt.: | | | 08/29/2005 | 08/29/2005 |
| To: | LOS ANGELES P&DC-90052-9998 | | | | Dispatching Office | Dispatching Office |
| | *(Post Office)* | | | | | |

| Article Number | Origin/Destination | Article Number | Origin/Destination |
|---|---|---|---|
| 1   RB910276821US | | | |

Bill No.

A.M. Rte. & Flt. No.

Jacket No.

70687567

Rotary Lock/Seal No.

Received
articles described on above
specified bill from dispatching
office named in postmark.

Receiving Clerk

| | POSTMASTER | | Postmark of | Postmark of |
|---|---|---|---|---|
| A total of 33 articles sent by this dispatch | | *(Printed by: G. Berry)*  Dispatching Clerk | Receiving Office | Receiving Office |
| | POSTMASTER | | | |
| A total of articles received by this dispatch | | Receiving Clerk | | |

**PS Form 3854-A, November 1993**
Printed  08/29/2005   3:47 am

Dispatch Site:   OHARE AMC



**300171.000062**

Form ID: 300171.000062
Printed: 08/29/2005   3:47 am



# UNITED STATES POSTAL SERVICE ®

## Registered Mail Dispatch Bill
### Orange Nylon Pouch

| | | |
|---|---|---|
| Rotary Lock/Seal No: | **72956899** | Jacket No: |
| Bill No: | Page No: **2** of **2** | Airmail: |
| Control No: | Bulk Count: **36** | Wgt.: |
| To: | LOS ANGELES P&DC-90052-9998 | |
| | *(Post Office)* | |

**REGISTERS**

Postmark of
OHARE AMC

08/29/2005
Dispatching Office

Postmark of
OHARE AMC

08/29/2005
Dispatching Office

| Article Number | Origin/Destination | Article Number | Origin/Destinatio |
|---|---|---|---|
| 31  RT822127518CA | | 32  RT668304559CA | |
| 33  RT864306245CA | | | |

Bill No.

A.M. Rte. & Flt. No.

Jacket No.

72956899
Rotary Lock/Seal No.

Received
articles described on above
specified bill from dispatching
office named in postmark.

Receiving Clerk

| | POSTMASTER | | Postmark of | Postmark of |
|---|---|---|---|---|
| A total of **69** articles sent by this dispatch | *(Printed by: G. Berry)* Dispatching Clerk | | | |
| | POSTMASTER | | Receiving Office | Receiving Office |
| A total of ____ articles received by this dispatch | Receiving Clerk | | | |

**PS Form 3854-A, November 1993**
Printed  08/29/2005  3:55 am

Dispatch Site:  OHARE AMC

**300172.000062**

Form ID: 300172.000062
Printed 08/29/2005  3:55 am

# EXHIBIT F1

PS FORM 1223-B,JUNE 1985 EARNINGS STATEMENT

| PAYLOC | FINANCE NO. | EMPLOYEE ID | PAY PERIOD | SERIAL NUMBER |
|---|---|---|---|---|
| 114 16-0046 | G A BERRY | 02909813 | 01 06 | 00034701 |

| HK | RSC/LEV | RATE CODE | TYP | HOURS | PAY |
|---|---|---|---|---|---|
| 2 | P 05 | 45997 | 10 V | 305 | 13489 |
| 2 | P 05 | 45997 | 10 W | 3042 | 67270 |
| 2 | P 05 | 45997 | 10 O | 600 | 19903 |
| 1 | P 05 | 45997 | 10 S | 2582 | 4080 |
| 1 | P 05 | 45997 | 10 N | 800 | 4423 |
| 1 | P 05 | 45997 | 10 C | 800 | 26557 |
| 1 | P 05 | 45997 | 10 O | 3200 | 70764 |
| 1 | P 05 | 45997 | 10 O | 29 | 952 |
| 1 | P 05 | 45997 | 10 L | 3253 | 5108 |
| | | | | 1600 | 35382 |

FLSA  4029

**GROSS TO NET**

| | THIS PERIOD | YEAR-TO-DATE |
|---|---|---|
| GROSS PAY | 247918 | 247918 |
| FED TAX$0 | .00 | .00 |
| ST TAX ILS0J | 7014 | 7014 |
| RETIRE 8 | 1387 | 1387 |
| MEDICARE | 3502 | 3502 |
| UN M | 1799 | 1799 |
| INS2S | 1670 | 1670 |
| ALOT | 8400 | 8400 |
| ALOT | 6800 | 6800 |
| TSPLE | 15231 | 15231 |
| CS/SS | 1253 | 1253 |
| CS/SS | 21277 | 21277 |
| HP105 | 6421 | 6421 |
| SOSEC | 14973 | 14973 |

**LEAVE STATUS**

| ANNUAL LEAVE | | SICK LEAVE | |
|---|---|---|---|
| FROM PREV YR | 400 | FROM PREV YR | 63217 |
| EARNED THIS YR | 17000 | EARNED THIS YR | 10000 |
| BAL | 16600 | | |
| USED YR | 17400 | BALANCE | 800 |
| THIS PP | | USED THIS PP | |

| LEAVE WITHOUT PAY | |
|---|---|
| BALANCE | 73217 |
| THIS PP | |
| CUMULAT VE | 158 |

BOND UNAPPL BAL #ISSUED
EE  I  158

USPS RETIREMENT  4395.01

NET PAY   1581.91  NT  BK

DATE 01-13-2006
00034701

I400012401035I
MANAGER
US POSTAL SERVICE
11600 W IRVING PARK RD
CHICAGO IL 60666-9998

**************AUTO** 3-DIGIT 606
GERALD A BERRY
4948 W GLADYS AVE
CHICAGO IL 60644-5282

EXhibit F

# EXHIBIT F

## ALL ACCESS ATTEMPTS HISTORY REPORT

### Selected Cardholders
*between 12/31/2005 12:00:00AM and 1/3/2006 11:59:59PM*

### Access Attempts for 1/2/2006

| Time | Description | Cardholder Name | Device | Area | Deleted |
|------|-------------|-----------------|--------|------|---------|
| 11:01:04PM | Valid Entry | Berry, Gerald A | 38 - AMC Employee Entrance Turnstyle South IN | 49 - AMC-ALL EMPLOYEES | No |
| 11:03:46PM | Valid Exit | Berry, Gerald A | 16 - AMC Employee Entrance Turnstyle South OUT | 49 - AMC-ALL EMPLOYEES | No |
| 11:05:47PM | Valid Entry | Berry, Gerald A | 38 - AMC Employee Entrance Turnstyle South IN | 49 - AMC-ALL EMPLOYEES | No |
| 11:13:33PM | Valid Exit | Berry, Gerald A | 23 - AMC Registry Cage N.W. IN | 52 - AMC-REGISTRY | No |
| 11:32:00PM | Valid Entry | Berry, Gerald A | 342 - Registry Cage Near R & D Out | 52 - AMC-REGISTRY | No |
| 11:34:07PM | Access Denied - Anti-passback violation on entry attempt | Berry, Gerald A | 342 - Registry Cage Near R & D Out | 52 - AMC-REGISTRY | No |
| 11:34:28PM | Valid Exit | Berry, Gerald A | 25 - AMC Registry Near R & D IN | 52 - AMC-REGISTRY | No |
| 11:37:52PM | Valid Entry | Berry, Gerald A | 342 - Registry Cage Near R & D Out | 52 - AMC-REGISTRY | No |
| 11:39:31PM | Valid Exit | Berry, Gerald A | 25 - AMC Registry Near R & D IN | 52 - AMC-REGISTRY | No |
| 11:41:27PM | Valid Entry | Berry, Gerald A | 342 - Registry Cage Near R & D Out | 52 - AMC-REGISTRY | No |
| 11:46:07PM | Valid Exit | Berry, Gerald A | 23 - AMC Registry Cage N.W. IN | 52 - AMC-REGISTRY | No |

**Total for 1/2/2006: 11**

### Access Attempts for 1/3/2006

| Time | Description | Cardholder Name | Device | Area | Deleted |
|------|-------------|-----------------|--------|------|---------|
| 12:28:33AM | Valid Entry | Berry, Gerald A | 341 - AMC Registry Cage N.W. Out | 52 - AMC-REGISTRY | No |
| 12:30:20AM | Valid Exit | Berry, Gerald A | 23 - AMC Registry Cage N.W. IN | 52 - AMC-REGISTRY | No |
| 12:31:32AM | Valid Entry | Berry, Gerald A | 341 - AMC Registry Cage N.W. Out | 52 - AMC-REGISTRY | No |
| 12:46:04AM | Valid Exit | Berry, Gerald A | 25 - AMC Registry Near R & D IN | 52 - AMC-REGISTRY | No |
| 12:53:37AM | Valid Entry | Berry, Gerald A | 342 - Registry Cage Near R & D Out | 52 - AMC-REGISTRY | No |
| 12:54:04AM | Valid Exit | Berry, Gerald A | 25 - AMC Registry Near R & D IN | 52 - AMC-REGISTRY | No |
| 2:13:37AM | Valid Entry | Berry, Gerald A | 341 - AMC Registry Cage N.W. Out | 52 - AMC-REGISTRY | No |
| 2:13:58AM | Valid Exit | Berry, Gerald A | 23 - AMC Registry Cage N.W. IN | 52 - AMC-REGISTRY | No |
| 3:07:57AM | Valid Entry | Berry, Gerald A | 342 - Registry Cage Near R & D Out | 52 - AMC-REGISTRY | No |
| 3:08:34AM | Valid Exit | Berry, Gerald A | 23 - AMC Registry Cage N.W. IN | 52 - AMC-REGISTRY | No |
| 3:29:10AM | Valid Entry | Berry, Gerald A | 23 - AMC Registry Cage N.W. IN | 52 - AMC-REGISTRY | No |
| 3:46:06AM | Valid Exit | Berry, Gerald A | 342 - Registry Cage Near R & D Out | 52 - AMC-REGISTRY | No |

EXHIBIT F

## Access Attempts for 1/3/2006

| Time | Description | Cardholder Name | Device | Area | Deleted |
|---|---|---|---|---|---|
| 4:22:48AM | Valid Exit | Berry, Gerald A | 23 - AMC Registry Cage N.W. IN | 52 - AMC-REGISTRY | No |
| 5:07:14AM | Valid Entry | Berry, Gerald A | 341 - AMC Registry Cage N.W. Out | 52 - AMC-REGISTRY | No |
| 5:12:05AM | Valid Exit | Berry, Gerald A | 23 - AMC Registry Cage N.W. IN | 52 - AMC-REGISTRY | No |
| 6:02:28AM | Valid Entry | Berry, Gerald A | 341 - AMC Registry Cage N.W. Out | 52 - AMC-REGISTRY | No |
| 6:13:38AM | Valid Exit | Berry, Gerald A | 23 - AMC Registry Cage N.W. IN | 52 - AMC-REGISTRY | No |
| 6:40:31AM | Valid Entry | Berry, Gerald A | 341 - AMC Registry Cage N.W. Out | 52 - AMC-REGISTRY | No |
| 7:38:25AM | Valid Exit | Berry, Gerald A | 25 - AMC Registry Near R & D IN | 52 - AMC-REGISTRY | No |
| 9:16:44AM | Valid Entry | Berry, Gerald A | 341 - AMC Registry Cage N.W. Out | 52 - AMC-REGISTRY | No |
| 9:41:15AM | Valid Exit | Berry, Gerald A | 40 - AMC Employee Entrance Turnstyle North OUT | 49 - AMC-ALL EMPLOYEES | No |
| 11:03:17PM | Valid Entry | Berry, Gerald A | 38 - AMC Employee Entrance Turnstyle South IN | 49 - AMC-ALL EMPLOYEES | No |
| 11:05:13PM | Valid Exit | Berry, Gerald A | 40 - AMC Employee Entrance Turnstyle North OUT | 49 - AMC-ALL EMPLOYEES | No |
| 11:09:22PM | Valid Entry | Berry, Gerald A | 38 - AMC Employee Entrance Turnstyle South IN | 49 - AMC-ALL EMPLOYEES | No |
| 11:22:44PM | Valid Exit | Berry, Gerald A | 25 - AMC Registry Near R & D IN | 52 - AMC-REGISTRY | No |
| 11:36:27PM | Valid Entry | Berry, Gerald A | 341 - AMC Registry Cage N.W. Out | 52 - AMC-REGISTRY | No |
| 11:38:01PM | Valid Exit | Berry, Gerald A | 25 - AMC Registry Near R & D IN | 52 - AMC-REGISTRY | No |
| 11:39:21PM | Valid Entry | Berry, Gerald A | 342 - Registry Cage Near R & D Out | 52 - AMC-REGISTRY | No |
| 11:40:44PM | Valid Exit | Berry, Gerald A | 25 - AMC Registry Near R & D IN | 52 - AMC-REGISTRY | No |
| 11:42:09PM | Valid Entry | Berry, Gerald A | 342 - Registry Cage Near R & D Out | 52 - AMC-REGISTRY | No |
| 11:46:30PM | Valid Exit | Berry, Gerald A | 25 - AMC Registry Near R & D IN | 52 - AMC-REGISTRY | No |

Total for 1/3/2006: 31

Total Access Attempts Reported: 42

# EXHIBIT F1



1400012401035I
MANAGER
US POSTAL SERVICE
11600 W IRVING PARK RD
CHICAGO IL 60666-9958

***********AUTO** 3-DIGIT 606
GERALD A BERRY
4948 W GLADYS AVE
CHICAGO IL 60644-5282

114 16-0046 G A BERRY

EMPLOYEE NAME

FINANCE NO.                    EMPLOYEE ID        02909813  01 06  00034701

DETAIL EARNINGS                                               SERIAL NUMBER

| WK | RSC/LEV | RATE | CODE | TYP | HOURS | PAY |
|----|---------|------|------|-----|-------|-----|
| 2  | P 05    | 45997 | 110 | V | 305 | 13489 |
| 2  | P 05    | 45997 | 110 | W | 3032 | 6727D |
| 2  | P 05    | 45997 | 110 | N | 600 | 9903 |
| 2  | P 05    | 45997 | 110 | O | 2582 | 40D0 |
| 1  | P 05    | 45997 | 110 | C | 800 | 4423 |
| 1  | P 05    | 45997 | 110 | S | 800 | 4423 |
| 1  | P 05    | 45997 | 110 | W | 5300 | 26537 |
| 1  | P 05    | 45997 | 110 | O | 1429 | 70764 |
| 1  | P 05    | 45997 | 110 | N | 962 | |
| 1  | P 05    | 45997 | 110 | L | 3233 | 5108 |
|    | FLSA    |      |      | L | 1600 | 35382 |

4029

NET PAY   1581.91 NT BK

|  | THIS PERIOD | YEAR-TO-DATE |
|--|-------------|--------------|
| GROSS PAY | 2479 18 | 2479 18 |
| FED TAX S0 | 0 | 0 |
| ST TAX ILS0 | 7014 | 7014 |
| RETIRE 8 | 1387 | 1387 |
| MEDICARE | 3502 | 3502 |
| UN W | 1799 | 1799 |
| INS25 | 1670 | 1670 |
| ALOT | 8400 | 8400 |
| ALOT | 6800 | 6800 |
| TSPLE | 1253 | 1253 |
| CS/SS | 15231 | 15231 |
| HP105 | 21277 | 21277 |
| SDSEC | 6421 | 6421 |
|      | 14973 | 14973 |

GROSS TO NET

PAY PERIOD

| | ANNUAL LEAVE | SICK LEAVE |
|--|--------------|-----------|
| LEAVE STATUS | | |
| FROM PREV YR | 400 | |
| EARNED THIS YR | 400 | 17000 |
| USED THIS YR | 1600 | |
| BAL | 1740 0 | |
| USED THIS PP | 3502 | |
| BALANCE | | 800 0 |
| FROM PREV YR | | 6321 7 |
| EARNED THIS YR | | 10000 |
| USED THIS PP | | 7321 7 |
| LEAVE WITHOUT PAY THIS PP | | |
| CUMULATIVE | | |
| BOND BALANCE | | |
| UNAPPL BAL | | 158 |
| FEE | | I |

USPS RETIREMENT   4395.01

DATE 01-13-2006
00034701

PS FORM 1223-B, JUNE 1985          EARNINGS STATEMENT



# UNITED STATES
## POSTAL SERVICE ®

### Registered Mail Dispatch Bill
Truck

| | | |
|---|---|---|
| tary Lock/Seal No: **TO COOL';S D BIL** | Jacket No: | REGISTERS |
| No: Page No: **1** of **1** | Airmail: | |
| ntrol No: Bulk Count: **0** | Wgt.: | |

Postmark of
OHARE AMC

01/03/2006
Dispatching Office

Postmark of
OHARE AMC

01/03/2006
Dispatching Office

**CHICAGO P&DC-60607-9997**
(Post Office)

| Article Number | Origin/Destination | Article Number | Origin/Destinatio |
|---|---|---|---|
| $BMC NO. 1 | 60666 606 | 2  $BMC NO. 2 | 60666 606 |
| $BMC NO. 3. | 60666 606 | | |

Bill No.

A.M. Rte. & Flt. No.

Jacket No.

**TO COOL';S D BIL**
Rotary Lock/Seal No.

Received
articles described on above
specified bill from dispatching
office named in postmark.

Receiving Clerk

| total of **3** articles sent by this dispatch | POSTMASTER | Postmark of | Postmark of |
|---|---|---|---|
| | (Printed by: G. Berry) Dispatching Clerk | Receiving Office | Receiving Office |
| total of articles received by this dispatch | POSTMASTER  D Rafter | Postmark of | Postmark of |
| | Receiving Clerk | Receiving Office | Receiving Office |

**315153.000062**

Form ID: 315153.000062
Printed 01/03/2006  3:05 am

# NON - VETERAN PREFERENCE ELIGIBILITY

**January 18, 2006**

**SUBJECT:      NOTICE OF REMOVAL**

TO:     **Gerald A. Berry**                                    SSN: 334 62 1669
        **F.T. Regular Clerk**                                 Pay Location 114

You are hereby given not less than thirty (30) days advance written notice of your removal from the Postal Service.  The reason (s) for this removal action are:

You are charged with **Violating the Last Chance Settlement signed by you on November 18, 2004**, as evidenced by your unscheduled absences on:

        01-09-06          8.00hrs. A/L
        01-02-06          8.00hrs. AWOL
        10-31-05 – 11-04-05  40.00hrs. AWOL

**In addition as outlined below, you violated the Last Chance Removal Settlement stipulations.**

3.  You agreed to maintain satisfactory attendance during the term of this agreement.  "Satisfactory attendance" for the purposes of this agreement is defined as no more than three (3) unscheduled absences during any six (6) month period of this agreement.  That also means <u>no instances of AWOL</u>.  Unscheduled absences are defined for the purposes of this agreement as "any absence not scheduled and approved in advance of your scheduled reporting time and it includes but is not limited to, tardiness, emergency leave (such as emergency annual or sick leave), leave without pay (LWOP) and failure to report/remain as scheduled for overtime work or <u>holiday work.</u>"

5.  You agree to meet all terms and conditions listed in this settlement for a period of two (2) years from the signing of this settlement.

6.  It is agreed by all parties to this agreement that any violation of the terms or conditions of this agreement will result in the re-issuance of a removal.  It is further understood that this settlement-agreement constitutes **a Last Chance** for you to correct your attendance problems.

EXhibiT H

Page 2 - Gerald A. Berry

The following elements of your past record have been reviewed in taking this action:

04-23-04   Fourteen (14) day Suspension for Failure to Maintain a Regular Attendance Record.

11-05-03   Fourteen (14) day Suspension for Conduct Unbecoming.

11-21-02   Seven (7) day Suspension for Failure to Maintain a Regular Attendance Record.

01-24-02   Seven (7) day Suspension for Failure to Maintain a Regular Attendance Record.

01-24-01   Letter of Warning for Failure to Maintain a Regular Attendance Record.

You have the right to file a grievance under the Grievance -Arbitration procedure set forth in Article 15, Section 2 of the National Agreement within 14 days of your receipt of this notice.

If this action is overturned on appeal, back pay will be allowed, unless otherwise specified in the appropriate award or decision, **ONLY IF YOU HAVE MADE REASONABLE EFFORTS TO OBTAIN OTHER EMPLOYMENT DURING THE RELEVANT NON-WORK PERIOD.**  The extent of documentation necessary to support your back pay claim is explained in the ELM, Section 436 (copy attached).

SIGNATURE OF SUPERVISOR
**Edwin Muniz**
**Supervisor Distribution Operations**
**Tour 1 Leave Control**

APPROVAL OF INSTALLATION
HEAD OR DESIGNEE

RECEIVED BY EMPLOYEE

DATE 1/20/05   TIME 4:39