IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD A. BERRY,<br>    Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | Civil Action No. 07-CV-6282 |
| JOHN E. POTTER, U.S. POSTAL<br>SERVICE POSTMASTER GENERAL,<br>and THE AMERICAN POSTAL<br>WORKERS UNION, AFL-CIO and<br>THE AMERICAN POSTAL WORKERS<br>UNION LOCAL 7011<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | HONORABLE<br>DER-YEGHIAYAN |

___

**ANSWER OF AMERICAN POSTAL WORKERS UNION, AFL-CIO
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

<u>ANSWER</u>

The American Postal Workers Union, AFL-CIO ("APWU"), answers the complaint of the plaintiff by corresponding paragraph numbers as follows. All allegations not expressly admitted are denied.

<u>Jurisdiction and Venue</u>

1.  This paragraph states the plaintiff's legal theories and conclusions and therefore requires no response. To the extent that an answer is required, the APWU denies the allegations contained in paragraph 1.

2.  This paragraph states the plaintiff's legal theories and conclusions and therefore requires no response. To the extent that an answer is required, the APWU denies the allegations contained in paragraph 2.

3.  The APWU denies the allegations in paragraph 3.

1

Venue and the Parties

4.	The APWU lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegation in paragraph 4, and consequently denies the allegations contained in paragraph 4.

5.	The APWU lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5, and consequently denies the allegations contained in paragraph 5.

6.	The APWU admits that John E. Potter is the Postmaster General of the United States Postal Service.

7.	The APWU admits the allegations contained in paragraph 7.

8.	The APWU admits that Local 7011 (the name of which is AMC O'Hare – Midway T Local No. 7011 (hereafter "the Local")) is a labor organization with an office in Cook County, Illinois. The APWU denies the remaining allegations contained in paragraph 8.

9.	The APWU denies the allegations in paragraph 9. Further answering, the Local is a fully autonomous labor organization affiliated with the APWU.

10.	The APWU admits that the Postal Service and the APWU are and have been parties to a written collective bargaining agreement (entitled "the National Agreement"). The APWU denies the remaining allegations in paragraph 10.

11.	The APWU admits that some of the terms and conditions governing the plaintiff's employment are governed by the National Agreement. The APWU denies the remaining allegations in paragraph 11.

First Cause of Action

12. The APWU incorporates its answers to paragraphs 1 through 11 of the amended complaint as if fully set forth.

13. The APWU lacks information or knowledge to form a belief as to the truth or falsity of the date on which the plaintiff began his employment with the United States Postal Service.

14. The APWU lacks the information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph, and consequently denies the allegations contained in paragraph 14. Further answering, upon information and belief, the plaintiff was employed at the AMC O'Hare facility, not in Castleton, Indiana.

15. The APWU lacks the information or knowledge to form a belief as to the truth or falsity of the date on which the Postal Service removed the plaintiff from employment. Further answering, upon information and belief the Postal Service issued a notice of proposed removal to the plaintiff dated January 18, 2006. The APWU denies all other allegations contained in paragraph 15.

16. The APWU denies the allegations contained in paragraph 16.

The unnumbered paragraph following paragraph 16 of the plaintiff's amended complaint, beginning with the word "WHEREFORE," sets forth the plaintiff's damages and conclusions and therefore requires no response. To the extent that a response is required, the APWU denies the allegations contained in this paragraph.

Second Cause of Action

17.　The APWU incorporates its answers to paragraphs 1 through 16 of the amended complaint as if fully set forth.

18.　The APWU denies the allegations contained in paragraph 18.  Further answering, the APWU is a party to the National Agreement which contains a grievance procedure.  The Local processes grievances over discipline at Step 2 and direct appeals to arbitration arising in facilities within the jurisdiction of the Local.  The APWU processes grievances over discipline beyond these steps.

19.　The APWU denies the allegations contained in paragraph 19.  Further answering, a national business agent of the APWU withdrew a grievance over the plaintiff's removal by agreement dated September 20, 2006.  Further answering, the national business agent of the APWU concluded on the basis of the evidence in the file that the grievance over the plaintiff's removal would not be sustained in arbitration.

20.　The APWU denies the allegation contained in paragraph 20.

　　a) The APWU admits that on or about November 10, 2004, the plaintiff signed a Last Chance Agreement.  The APWU denies all other allegations in paragraph 20, subpart a.

　　b) The APWU lacks information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 20, subpart b, that the plaintiff was scheduled to spend time in jail.  Further answering, on or about October 20, 2005, the plaintiff requested leave without pay from October 21, 2005, through December 31, 2005, for "personal" reasons and the Postal Service disapproved the request.  The APWU admits that there was nothing else the Local could do for the plaintiff and steward Patrick Parks so informed the plaintiff.  The APWU denies the remaining allegations in paragraph 20, subpart b.

    c) The APWU lacks information or knowledge to form a belief as to the truth or falsity of the allegations contained in contained in paragraph 20, subpart c, and consequently denies the allegations.

    d) The APWU denies the allegations in paragraph 20, subpart d.

    e) The APWU admits that the Postal Service issued a notice of removal dated January 18, 2006, to the defendant. The APWU respectfully refers the Court to the contents of this document.

    f) The APWU admits that the Local filed a grievance over notice of removal dated January 18, 2006. The APWU denies the remaining allegations contained in contained in paragraph 20, subpart f.

    g) The APWU admits that by a letter dated June 27, 2006, the APWU and the Postal Service scheduled an arbitration of the grievance over the plaintiff's notice of removal for October 3, 2006, and that a national business agent of the APWU withdrew a grievance over the plaintiff's removal by agreement dated September 20, 2006. Further answering, the national business agent of the APWU concluded on the basis of the evidence in the file that the grievance over the plaintiff's removal would not be sustained in arbitration. The APWU denies all other allegations in paragraph 20, subpart g.

  21.  The APWU denies the allegations contained in this paragraph.

  22.  The APWU denies the allegations contained in this paragraph.

  23.  The APWU denies the allegations contained in this paragraph.

  The unnumbered paragraph following paragraph 23 of the plaintiff's amended complaint, beginning with the word "WHEREFORE," sets forth the plaintiff's legal theories and

conclusions and therefore requires no response. To the extent that a response is required, the APWU denies the allegations contained in this paragraph.

### First Affirmative Defense

The APWU did not violate any duty owed to the plaintiff.

### Second Affirmative Defense

The Postal Service did not breach the National Agreement when it removed the plaintiff.

### Third Affirmative Defense

As a matter of law, the plaintiff is not entitled to future pay; damages for emotional pain, suffering, inconvenience, mental anguish and loss and enjoyment of life, or other consequential damages; punitive damages; attorney fees; or injunctive relief.

### Fourth Affirmative Defense

Should the plaintiff be entitled to any relief, the United States Postal Service is liable for such relief in whole or in part.

### Fifth Affirmative Defense

The claims are barred by laches and/or the statute of limitations.

### Sixth Affirmative Defense

The plaintiff is not entitled to a jury trial on equitable claims.

### Seventh Affirmative Defense

The amended complaint fails to state a claim upon which relief can be granted.

.

WHEREFORE, the American Postal Workers Union, AFL-CIO, asks the Court to dismiss the action with prejudice; tax costs and, if warranted in the circumstances, a reasonable attorney's fee to the American Postal Workers Union, AFL-CIO, and grant such other and further relief which justice requires.

Dated: May 5, 2008                          Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By: */s/ Anton Hajjar*
Anton G. Hajjar
1300 L Street, NW, Suite 1200
Washington, DC 20005
(202) 898-1707/Fax (202) 682-9276

Karen Engelhardt .

By: */s/Karen Engelhardt*
Karen Engelhardt
Allison, Slutsky & Kennedy, P.C.
230 West Monroe Street
Suite 2600
Chicago, IL 60606
(312) 364-9400