THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

|  |  |
|---|---|
| Gerald A. Berry,<br><br>        Plaintiff<br><br>v.<br><br>John E. Potter, Postmaster General of<br>the United States Postal Service and American<br>Postal Workers Union and American Postal<br>Workers Union Local 7011,<br><br>        Defendants. | Case No. 07CV6282<br>Judge Der-Yeghiayan |

**DEFENDANT AMERICAN POSTAL WORKERS UNION LOCAL 7011 AND THE AMERICAN POSTAL WORKERS UNION's
MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant American Postal Workers Union, AMC-O'Hare-Midway T, Local No. 7011 and the American Postal Workers Union, AFL-CIO respectfully request that this Court dismiss plaintiff's amended complaint, or in the alternative, grant summary judgment for defendants. Dismissal of the amended complaint is appropriate because plaintiff's claims that the APWU and Local 7011 breached the duty of fair representation are time barred by the six-month statute of limitations.

This motion is supported by the accompanying memorandum of law. A proposed Order is attached for the Court's consideration.

Dated: May 19, 2008          Respectfully submitted,

                             ALLISON, SLUTSKY & KENNEDY, P.C.

                             By: /s/ Karen I. Engelhardt
                             Karen I. Engelhardt

Kie@ask-attorneys.com
Thomas D. Allison
Allison@ask-attorneys.com
230 West Monroe Street, Suite 2600
Chicago, IL 60606
(312) 364-9400/Fax (312) 364-9410

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

Anton G. Hajjar
Ahajjar@odsalaw.com
1300 L Street, N.W., Suite 1200
Washington, DC 20005
(202) 898-1707/Fax (202) 682-9276

*Attorneys for the American Postal Workers Union and American Postal Workers Union, AMC-O'Hare-Midway T, Local No. 7011*

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| Gerald A. Berry,<br><br>      Plaintiff,<br><br>vs.<br><br>John E. Potter, Postmaster General of the United States Postal Service and American Postal Workers Union and American Postal Workers Union Local 7011,<br><br>      Defendants. | Case No. 07C6282<br>Judge Der-Yeghiayan |

**MEMORANDUM IN SUPPORT OF
THE JOINT MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY
JUDGMENT OF
THE AMERICAN POSTAL WORKERS UNION LOCAL 7011 AND
THE AMERICAN POSTAL WORKERS UNION**

Defendants American Postal Workers Union, AMC-O'Hare-Midway T, Local No. 7011 ("Local 7011") and American Postal Workers Union ("APWU") submit this memorandum in support of their joint motion to dismiss, or in the alternative, for summary judgment. We show below that the action against the union defendants is barred by the applicable six month statute of limitations governing alleged breaches of the duty of fair representation.

**I.    STATEMENT OF THE CASE**

Plaintiff Gerald Berry's ("Berry") claims against the APWU and Local 7011 form half of a hybrid breach of contract/breach of the duty of fair representation suit under Section 1208(b) of the Postal Reorganization Act, 39 U.S.C. § 1208(b), the postal analog to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). *See Bowen v. U.S. Postal Service*, 459 U.S. 212 (1983). Berry began his employment with the Postal Service in 1990, working full-

time as a mail clerk. (Amnd. Compl. ¶¶ 13-14). Throughout the tenure of his employment, Berry was a member of Local 7011, in good standing. (Amnd. Compl. ¶ 7). After the Postal Service issued a notice of removal to Berry, he signed a Last Chance Agreement ("LCA") on or about November 10, 2004. (Amnd. Compl. ¶ 20a and Exhibit C attached thereto). The LCA provided, in part, that Berry could have no instances of AWOL for two years after the date on which he signed the LCA, which was on November 18, 2004. (*Id*).

On or about October 31, 2005, Berry spent five days in jail. (Amnd. Compl. ¶ 20b). Prior to serving the five days in jail, Berry had requested leave without pay from the Postal Service, but the Postal Service disapproved his request. (*Id*). Therefore, Berry had an instance of AWOL for the five days he served his jail time. (*Id*). Due to this instance of AWOL as well as another instance of AWOL on January 2, 2006, the Postal Service issued Berry a notice of removal for violating the LCA on or about January 18, 2006. (Amnd. Compl. ¶ 20e). On or about March 3, 2006, the Postal Service terminated Berry's employment. (Amnd. Compl. ¶ 15). Local 7011 filed a grievance challenging Berry's termination. (Amnd. Compl. ¶ 20g). On or about September 20, 2006, John Clark National Business Agent for the APWU withdrew Berry's case from the grievance/arbitration procedure. (*Id*).

On or about October 27, 2006, Berry filed a charge with Region 13 of the National Labor Relations Board ("Region 13"). (McNeill Decl. and Exhibit 2 attached thereto).[1] His charge stated: "Within the last 6 months, the Union has failed to represent the Charging Party in his removal and termination from USPS for arbitrary and capricious reasons." (*Id*). On or about December 8, 2006, Region 13 declined to issue a complaint and dismissed Berry's charge. <u>The Region stated that it was dismissing Berry's charge against the Local for the following reasons "You have alleged that the Union violated the Act by refusing to process your termination</u>

---

[1] The Declaration of Carla McNeill is attached as Exhibit 1.

2

grievance as far as you desire or to achieve the results you desired was for unfair, arbitrary or discriminatory reasons. However, the evidence is insufficient to prove that the Union's actions in pursuing your grievance were done for unlawful reasons." (McNeill Decl. and Exhibit 3 attached thereto). Berry appealed the decision of the Region 13 to dismiss his charge and, on or about March 8, 2007, the National Labor Relations Board Office of Appeals denied Berry's appeal. (*Id.* and Exhibit 4 attached thereto). In denying Berry's appeal, the Office of Appeals stated, in relevant part, "the evidence indicated that the Union processed your grievance through step two of the grievance procedure, but refused to process it to arbitration because of its good faith doubt as to the merits of the grievance, and not because of any unlawful considerations. Absent substantial evidence that the Union's actions were motivated by any animus or discriminatory consideration, a violation under the Act could not be established." *Id.* On November 6, 2007, Berry filed this action in which Berry claims that the APWU and Local 7011 breached the duty of fair representation when APWU National Business Agent John Clark withdrew Berry's grievance without Berry's consent or knowledge and when the Unions disregarded evidence alleging supporting Berry's grievance. (Amnd. Compl. ¶ 22).

### I.  LEGAL STANDARD FOR GRANTING A 12(b)(6) MOTION TO DISMISS AND SUMMARY JUDGMENT

#### A.  Standard for Granting a 12(b)(6) Motion to Dismiss

A court will grant a Rule 12(b)(6) motion to dismiss where a complaint does not state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1974 (2007). Although a complaint need not contain detailed factual allegations, it must nonetheless "allege facts suggestive of illegal conduct," *Id.* at 1969, and "possess enough heft to show that the pleader is entitled to relief." *Id.* at 1965. When a plaintiff's claim is time-

3

barred, a Rule 12(b)(6) motion is an appropriate vehicle to assert that the complaint was filed outside the statute of limitations. *Behavior Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 928-929 (7th Cir. 2005); *Hondo, Inc. v. Sterling*, 21 F.3d 775, 777 (7th Cir. 1994); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2000)("Although the statute of limitations is ordinarily an affirmative defense that must be pleaded under FED. R. CIV. P. 8(c), a district court may dismiss under Rule 12(b)(6) something that is indisputably time-barred, as this is.")

In deciding motions to dismiss, courts are permitted to take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994); *Pugh v. Tribune Co.*, 521 F. 3d 686, 691 n.2 (7th Cir. 2008).

B. <u>Standard for Granting Summary Judgment</u>

Summary judgment is an appropriate pleading tool used to "pierce the pleadings so that the burden and expense of trail will not be wasted on baseless claims or phantom issues." 10A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 2nd § 2739 at 520-21 (1983). Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the non-moving party, there remains no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). There can be no genuine issue of material fact if a party is unable to prove an essential element of the party's case. A party's failure to establish sufficient evidence to make out an essential element of its case renders all other facts immaterial. *Id.* Only disputes over facts which affect the outcome of the case will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists only where a reasonable jury could return a verdict for the non-movant. *Id.* "If the evidence is merely colorable or it is not significantly probative,

4

summary judgment is proper." *Id.* at 249-50.  The plaintiff may not rely upon speculation or conjecture.  In order to satisfy the requirements of *Celotex* and *Anderson*, the non-moving party must come forward with sufficient evidence to allow a jury to find in its favor on each and every essential element on which it bears the burden of proof at trial.  If it is unable to show that there is a "genuine" dispute over "material" facts, then the motion for summary judgment should be granted.

## II.  ARGUMENT

### A.  Berry's Complaint is Time Barred by the Six Month Statute of Limitations.

Berry's complaint that Local 7011 breached its duty of fair representation is time barred by the six month statute of limitations.  The Supreme Court has expressly held that the statute of limitations for a breach of the duty of fair representation claim is six months.  *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151 (1983).  The six month statute of limitations period "begins to run on the date [the employee] discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation."  *Boggess v. Heritage Cadillac, Inc.*, 687 F.Supp. 417, 421 (N.D. Ill. 1988) citing *Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299, 304 (7th Cir. 1983).

In his amended complaint, Berry alleges that the union defendants failed to represent him in breach of the duty of fair representation by disregarding exculpatory evidence and withdrawing his grievance from arbitration.  (Amnd. Compl. ¶ 22).  The charge that Berry filed with the National Labor Relations Board in October of 2006 clearly encompasses the allegation that Local 7011 mishandled his grievance.  In dismissing his appeal, the Region stated that Berry had alleged in his charge that the Local had failed "to process [his] termination grievance as far as [his] desires or to achieved the results he [desired]."  (McNeill Decl. and Exhibit 3 attached

thereto). He knew or should have known about any deficiencies in the representation of Local 7011 well over six months before he filed this action.

With respect to Berry's claim against the APWU, he alleges that he did not know that APWU National Business Agent John Clark had withdrawn his grievance on September 20, 2006, until he received a letter dated May 10, 2007, from Mr. Clark on May 12, 2007. (Amnd. Compl. ¶ 19). However, Berry's statement is belied by the public records from the National Labor Relations Board. Berry filed an unfair labor practice charge with Region 13 in October of 2006. (McNeill Dec. and Exhibit 2). After Region 13 refused to issue a complaint on Berry's charge, he appealed it to the Office of Appeals. In denying Berry's appeal, on or about March 8, 2007, the National Labor Relations Board Office of Appeal's wrote "In the instant case, the evidence indicated that the Union processed your grievance through step two of the grievance procedure, **but refused to process it to arbitration** because of its good faith doubt as to the merits of the grievance, and not because of any unlawful considerations." (emphasis added) (McNeill Dec. and Exhibit 4). Therefore, Berry knew, at the very latest on March 8, 2007, that John Clark had withdrawn his grievance from arbitration. It is this act, the withdrawal of the grievance from arbitration, that Berry alleges was a violation of the duty of fair representation. Berry should have filed this lawsuit, at the very latest, six months after March 8, 2007, or by September 8, 2007. He did not file this lawsuit until November 6, 2007, more than six months after the date in which discovered the alleged breach. Thus, Berry is time barred from pursuing this claim.

## III. CONCLUSION

For the above stated reasons, Local 7011 and the APWU respectfully request that the Court dismiss the complaint against them with prejudice or, in the alternative, grant summary judgment in their favor.

Dated: May 19, 2008

Respectfully submitted,

ALLISON, SLUTSKY & KENNEDY, P.C.

By: /s/ Karen I. Engelhardt
Karen I. Engelhardt
Kie@ask-attorneys.com
Thomas D. Allison
Allison@ask-attorneys.com
230 West Monroe Street, Suite 2600
Chicago, IL 60606
(312) 364-9400/Fax (312) 364-9410

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

Anton G. Hajjar
Ahajjar@odsalaw.com
1300 L Street, N.W., Suite 1200
Washington, DC 20005
(202) 898-1707/Fax (202) 682-9276

*Attorneys for the American Postal Workers Union and American Postal Workers Union, AMC-O'Hare-Midway T, Local No. 7011*

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| Gerald A. Berry,  )<br>  )<br>    Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>John E. Potter, Postmaster General of  )<br>the United States Postal Service and  )<br>American Postal Workers Union and American  )<br>Postal Workers Union Local 7011,  )<br>  )<br>    Defendants.  )<br>_____) | Case No. 07C6282<br>Judge Der-Yeghiayan |

## STATEMENT OF MATERIAL FACTS FOR THE JOINT MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT OF THE AMERICAN POSTAL WORKERS UNION LOCAL 7011 AND THE AMERICAN POSTAL WORKERS UNION

Defendants American Postal Workers Union, AMC-O'Hare-Midway T, Local No. 7011 ("Local 7011") and American Postal Workers Union ("APWU") pursuant to Local Rule 56.1 submit this statement of material facts which Local 7011 and the APWU contend there is no genuine issue and that entitle the moving party to a judgment as a matter of law:

1) On or about October 27, 2006, Gerald Berry ("Berry") filed a charge, Case No. 13-CB-18523, at the National Labor Relations Board Region 13 alleging that Local 7011 had failed to represent Berry "in his removal from USPS for arbitrary and capricious reasons." (McNeill Decl. and Exhibit 2 attached thereto).

2) On or about December 8, 2006, the National Labor Relations Board Region 13 dismissed Berry's charge. In explaining the reason for the dismissal, the Region stated, " You [Berry] have alleged that the Union violated the Act by refusing to process your termination grievance as far as you desire or to achieve the results you desired was for arbitrary, capricious or discriminatory reasons. However the evidence is insufficient to prove that the Union's actions in pursuing your grievance were done for unlawful reasons." (McNeill Decl. and Exhibit 3 attached thereto).

3) On or about March 8, 2007, Berry's appeal of the dismissal of his charge was denied. In denying the charge, the National Labor Relations Board Office of Appeals stated, in part, "In the instant case, the evidence indicated that the Union processed your grievance through step two of the grievance procedure, but refused to process it to arbitration because of its good faith doubt as to the merits of the grievance, and not because of any unlawful considerations. Absent substantial evidence that the Union's actions were motivated by any animus or discriminatory considerations, a violation of the Act could not be established." (McNeill Decl. and Exhibit 4 attached thereto).

4) On November 6, 2007, Berry filed this action (Case No. 07C6282) in the Northern District of Illinois alleging that Local 7011 and the APWU breached its duty of fair representation.

Dated: May 19, 2008                    Respectfully submitted,

                                        ALLISON, SLUTSKY & KENNEDY, P.C.

By: /s/ Karen I. Engelhardt
Karen I. Engelhardt
Kie@ask-attorneys.com

Thomas D. Allison
Allison@ask-attorneys.com

230 West Monroe Street, Suite 2600
Chicago, IL 60606
(312) 364-9400/Fax (312) 364-9410

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

Anton G. Hajjar
Ahajjar@odsalaw.com

1300 L Street, N.W., Suite 1200
Washington, DC 20005
(202) 898-1707/Fax (202) 682-9276

*Attorneys for the American Postal Workers Union and American Postal Workers Union, AMC-O'Hare-Midway T, Local No. 7011*

## Certificate of Service

I hereby certify that I have this day caused the following people to be served by the Court's electronic case filing system with an electronic copy of the foregoing motion to dismiss or in the alternative, for summary judgment of the American Postal Workers Union AMC-O'Hare-Midway T, Local No. 7011 and the American Postal Workers Union; memorandum of law in support thereof; proposed order; declaration of Carla McNeill with attached exhibits; and statement of material facts:

>Michael T. Smith
>Michael T. Smith & Associates
>440 West Irving Park
>Roselle, IL  60172
>msmith39950@aol.com

>Gary D. Abrams
>Law Offices of Gary D. Abrams & Associates
>55 West Monroe Street
>12th Floor
>Chicago, IL  60603
>gda44@comcast.net

Date: May 19, 2008                    /s/ Karen I. Engelhardt
                                       Karen I. Engelhardt