UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD A. BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | No: 07 CV 6282 |
| | ) | |
| vs. | ) | Judge Der-Yeghiayan |
| | ) | |
| JOHN E. POTTER, POSTMASTER GENERAL OF | ) | JURY DEMAND |
| THE UNITED STATES POSTAL SERVICE and | ) | |
| AMERICAN POSTAL WORKERS and AMERICAN | ) | |
| POSTAL WORKERS UNION LOCAL 7011, | ) | Magistrate Judge Nolan |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S JOINT MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT OF THE AMERICAN POSTAL WORKERS UNION 7011 AND THE AMERICAN POSTAL WORKERS UNION**

**INTRODUCTION**

Defendants American Postal Workers Union Local 7011 ("Local 7011") and American Postal Workers Union ("APWU") have moved this Honorable Court to Dismiss or, in the Alternate grant Summary Judgment on Plaintiff's claims of the breach of fair representations by the Union from Plaintiff's Removal and termination from the United States Postal Service and the Defendants "bad faith" failure to present his legitimate grievances' in the arbitration process.   John E. Potter, Postmaster General of the United States Postal Service (USPS) has joined in the Joint Motion however, has not filed any brief or supporting material. Plaintiff will rely on the USPS to be bound by the ruling on this motion.

**STATEMENT OF THE CASE**

On or about March 3, 2006, Defendant United States Postal Service ("USPS") breached the Collective Agreement when it summarily terminated Plaintiff's employment, without just cause, in violation of the Collective Agreement and, at all times since that date.  Further,

justification to terminate Plaintiff came from inaccurate dates from violation of a Last Chance Agreement between USPS, the Union, and the Plaintiff which dates were contrary to the evidence presented by Plaintiff. Defendant USPS has refused to reinstate Plaintiff to his former position of employment. (Plaintiff's Complaint "PC" paragraph "¶" 15)

APWU Local No. 7011 breached its duty of fair representation when the National Business Agent for APWU entered into an Agreement to Withdraw Plaintiff's Grievance on September 20, 2006 without his knowledge and to his detriment after receipt of evidence to the unions various officials of a complete defense to Plaintiff's Removal process. Plaintiff *had no knowledge of said withdrawal of his grievance until he received a letter on May 12, 2007, from APWU dated May 10, 2007.* (PC ¶ 19)

Defendants APWU and Local APWU No. 7011 breached their duty of fair representation as follows: On or about November 10, 2004, APWU No. 7011 and USPS reached an agreement that would allow Plaintiff to remain employed under a Last Chance Agreement ("Agreement") which Plaintiff was required to sign so as to maintain employment with USPS. APWU allowed the Agreement, (which is part of the current issues with APWU). The most important part, among other things, was that APWU was allowing, as part of the verbiage under paragraph 3, that Plaintiff could violate the provision of the agreement, even if Plaintiff had emergency leave requirements. (PC ¶ 20 a). On or before October 31, 2005, due to circumstances beyond Plaintiff's control, Plaintiff was scheduled to spend 5 days in County jail. Prior to that date of incarceration, Plaintiff with his union steward did approach Plaintiff's Plant Manager to request mandatory time off because plaintiff was under a court order to turn himself in for a mandatory jail sentence. After meting with the union steward and Plant Manager for USPS, the Plant Manager denied Plaintiff's request for mandatory time off. Plaintiff therefore, in order to comply with the court order of incarceration, had to take time off without approval, otherwise he would face being picked up my the Sheriff's

Office. Upon leaving the meeting Plaintiff requested his steward to take action since this would violate Plaintiff's Last Chance Agreement, wherein, Patrick Parks, Plaintiff's union steward, indicated there was nothing he could do to protect Plaintiff. Plaintiff informed his union steward that he (Plaintiff) believed he was being discriminated against because of his color (African-American) and wanted to file a complaint with the EEO, for which the union steward told Plaintiff not to do that because it could make things worse for himself (Plaintiff). At no time after this meeting with the Plant Manager, the union steward and Plaintiff, did the union attempt to protect Plaintiff from the unfair, unreasonable and discriminatory action of the Plant Manager for the USPS. (PC ¶ 20 b) That on the 11th day of January, 2006, Plaintiff was issued a removal notice by the USPS for violating a Last Chance Settlement Agreement stating that Plaintiff had violated the Last Chance Agreement because of unscheduled absences on: 08-27-08-31-05; 12-26-05; 01-02-06; 01-09-06.

(PC ¶ 20 c) Plaintiff contacted union steward and presented the union steward with evidence, including time clock records, payroll records, and dispatch data, showing that on 1) 08-27-05 through 08-31-05, Plaintiff did for work on August 29, 2005, wherein he swiped his card for Registered Mail Dispatch Bill 12-26-06, Plaintiff worked and was paid for said day; 01-02-06, Plaintiff worked on said day and swiped and had his records of swipes for that day and other which appeared on a Report; 01/09/06, Plaintiff called in sick and had an approved day. After receipt and review of Exhibit D, Plaintiff took action and filed grievances for the wrongful issuance of a Removal. Plaintiff presented all the information and evidence to support the wrongful removal. (PC ¶ 20 d). After Plaintiff challenged the wrongful issuance of the Removal, the Union allowed USPS to issue another Removal wherein the dated where changed as follows: 10-31-05 to 11-04-05; 01-02-06; 01-09-06. (PC ¶ 20 e). Plaintiff again contacted his union steward to challenge these wrongful assertions. Plaintiff called upon his steward to grieve these dates as having already

responded with evidence to support the wrongful assertions for the dates of 01-02-06 and 01-09. Further, Plaintiff reminded his union steward of Plaintiff's required jail sentence for a DUI which caused his incarceration 10-31-05 through 11-04-05, as a court mandated jail sentence. (PC ¶ 20 f). Thereinafter, all issues went through the appropriate grievance procedures until, the scheduling of an Appeal to Arbitration was scheduled June 27, 2006. Thereafter, even through Plaintiff had presented evidence to support the wrongful Removal procedure, on September 20, 2006 a settlement and an agreement to withdraw the arbitration was agreed to between the Union and USPS such agreement being entered into a withdrawal of Plaintiff's grievance without the consent or knowledge of Plaintiff. (PC ¶ 20 g)

**MOTION TO DISMISS**

A motion to dismiss tests the sufficiency of a complaint, not the merits of a case. See Autry v. Northwest Premium Servs., Inc., 144 F.3d 1037, 1039 (7th Cir. 1998). **[*3]** The Court must accept all well-pleaded factual allegations in the Complaint as true, drawing all reasonable inferences from those facts in Plaintiffs' favor. See Cleveland v. Rotman, 297 F.3d 569, 571 (7th Cir. 2002). Defendants' motions to dismiss should be granted only if Plaintiffs cannot prove any set of facts in support of their claims that would entitle them to relief. Autry, 144 F.3d at 1039 (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

**MOTION FOR SUMMARY JUDGMENT**

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ.P.*56.

To prevail on a motion for summary judgment, the Defendant must identify the relevant portions of pleadings, depositions, answers to interrogatories, and other admissible evidence

which demonstrate that there are no genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, then the responding party must present specific facts that create a genuine issue for trial. Id.; Fed. R. Civ. P. 56(e). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986): Bay v. Cassens Transport Co., 212 F. 3d 969, 972 (7th Cir. 2000). Summary judgment is not favored if issues of intent, good faith, or subjective feelings play an important role in determining the issues because these issues are usually not capable of being resolved by summary judgment. White Motor Co. v. United States. 372 U.S.253, 259 (1963); Kephart v. Institute of Gas Technology, 630 F. 2d 1217, 1218 (7th Cir. 1980); Beard v. Whitley County REMC, 840 F. 2d 405, 410 (7th Cir. 1988). Further, under FRCP Rule 12 (c), a motion only after the parties have filed an Answer to the Complaint; Northern Ind. Gun & Outdoor Show v. City of South Bend, 163 F 3d 449, 452, (7th Cir. 1998); Albano v. Roadway; 2005 U.S. Lexis 18487; 04 CV 5291 (NDIL 2005). Here, only one Defendant (APWU) has filed an Answer to Plaintiff's Complaint.

**ARGUMENT**

    **A.**    **Dismissal Is Improper Because A Plaintiff Is Not Reguired To Anticipate Affirmative Defenses In His Complaint.**

APWU Local 7011 and APWU seeks to dismiss Count II for breach of the duty of fair representation because the statute of limitations on this claim has allegedly expired. A complaint, however, need neither anticipate nor overcome affirmative defenses such as the statute of limitations at this stage of the pleadings. *See Gomez v. Toledo, 446 U.S. 635,* 640 (1980); *Xechem, Inc. v. Bristo1~Myers Squibb Co.,* 372 F.3d *899,* 901 (7th Cir. 2004) ("[P]laintiffs need not anticipate and attempt to plead around all potential defenses"). In light of this pleading rule, the Seventh Circuit has held that it is "irregular" to dismiss a complaint as untimely under Rule 12(b) (6). *United States. v. Northern Trust Co.,*

372 F.3d 886, 888 (7th Cir. 2004). Because a complaint does not fail to state a claim simply because some defense is potentially available, the proper question a court must ask is "whether it is possible to imagine proof of the critical facts consistent with the allegations actually in the complaint." *United States Gypsum Co. v. Indiana Gas Co., Inc.,* 350 F.3d 623,626-629(7th Cir. 2003); *see also Leavell* v. *Kieffer,* I 89 F.3d *492,495* (7th Cir. 1999).

Despite these well-settled points of law, APWU Local 7011 and APWU argue for dismissal of Count VII on the ground that it is barred by the statute of limitations. Both Defendants note that a breach of the duty of fair representation claim is subject to a six-month statute of limitations period and cites the allegation that Berry's termination occurred in March of 2006, (Amnd. Compl. ¶ 15), thereafter Berry filed a charge with the Labor Relations on or about October 27, 2006, wherein Berry charged that his Union failed to represent him in his removal. Berry alleged that the act of not processing his grievance was "arbitrary and Capricious," (Defendants' McNeill Decl. and Exhibit 2) (it should be noted that Berry did not state bad faith was a motive). After the denial by the National Labor Board, Berry appealed to the National Labor Relations Board of Appeals on or about March 8, 2007 the Appeals Board denied Berry's Appeal (Defendants' MTD Exhibit 4). Defendants argue more than six months prior to the date of filing of his Complaint, as grounds for dismissal of Count II pursuant to Rule 12(b)(6).

This argument is unsustainable. The statute of limitations is an affirmative defense and is "rarely a good reason to dismiss under Rule 12(b)(6)." *See Moore v. Morales,* 415 F. Supp. 2d 891, 894 (N.D. Ill. 2006) (quoting *Reiser* v. *Residential Funding Corp..* 380 F.3d 1027, 1030 (7th Cir. 2004)). As the case law unequivocally demonstrates, Berry is simply not required to anticipate or allege any information in his Amended Complaint about any potential affirmative defenses available to APWU Local 701 and APWU. *See Gomez,* 446 U.S. at 640. *See also Evans v. City of Chicago,* 2005 U.S. Dist. LEXIS 1 8507 at *15 (N.D. Ill. Aug. 29, 2005)2 ("the statute of limitations is an affirmative defense that a plaintiff need not anticipate or attempt to address in a complaint").

    While it is possible for a plaintiff to plead himself out of court by *admitting* all of the ingredients of an "impenetrable defense," *Xechem,* 372 F.3d at 901, Berry has not admitted to anything resembling such an "impenetrable defense," and the Defendants do not contend that he has. Berry has stated that he was unaware of the Defendants USPS, APWU Local 7011 and APWU's bad faith efforts to represent him until he received a letter from the National Business Agent John Clark on May 12, 2007 (Amnd. Compl. ¶ 19) APWU Local 7011 and APWU's motion to dismiss Count II, therefore, should be denied on this basis alone.

  **B.**  <u>**Although Not Reguired To Do So, Berry Can Establish That He Is Entitled to Equitable Tolling**</u>

    Despite the fact that he is not required to do so at this point in the proceedings, Berry can show that he is entitled to equitable tolling. For equitable tolling to apply, a plaintiff must show "excusable ignorance of or noncompliance with the limitations period, evidently with no prejudice to defendant." *Payne v. Cook County Hospital,* 719 F. Supp. 730, 731 (N.D. ill. 1989) (citing *Baldwin Cty. Welcome Center v. Brown,* 466 U.S. 147 (1984)). "Excusable ignorance" includes situations in which a plaintiff was unaware of the relevant federal rules governing the filing of a lawsuit, *see Payne,* 719 F. Supp. at 731, and where there is a "substantial indication[] that [plaintiff] wished to seriously pursue" the claim. *See Ortiz v. Clarence H. Hackett, Inc.,* 581 F. Supp. 1258, 1261 (N.D. Ind. 1984) (citing *Archie v. Chicago Truck Drivers,* 585 F.2d 210, 217 (7th Cir. 1978)). *See also Etheridge v. United States Army,* 2002 U.S. Dist. LEXIS 18842 at *8 (N.D. III. Oct. 4, 2002) ("Equitable tolling is to be measured by the expected conduct of a reasonable person in the plaintiff's situation"). The other relevant

factors for purposes of equitable tolling are (i) the time that has elapsed after the statute of limitations has allegedly expired, *see Ortiz,* 581 F. Supp. at 1261 (allowing action to proceed where 119 days had passed), and (ii) the absence of prejudice to the defendant in allowing the suit to proceed. *See Ortiz,* 581 F. Supp. at 1261-62; *Payne,* 719 F. Supp. at 732.

In *Payne,* the plaintiff attempted to comply with administrative and federal law by timely filing her pro *se* complaint after receiving her right-to-sue letter from the EEOC. However, given the plaintiff's lack of knowledge, she filed her lawsuit in California rather than in Illinois. *See Id.* at 732. The court assessed the plaintiff's conduct and concluded that (i) "[plaintiff] acted responsibly, given her limited knowledge of the federal rules," (ii) her inadvertent mistake did not cause "extended delay," and (iii) the defendant could not show a claim of prejudice. *Id.*

### 1.     Berry's Conduct Amounts to Excusable Ignorance.

Pursuant to *Payne,* Berry also acted responsibly given his "limited knowledge" of the federal labor laws. *Payne,* 719 F. Supp. at 732. Given the unions' arbitrary or discriminatory and bad faith failure to take *any* action on Berry's behalf throughout his employment at USPS, it is not surprising that Berry was unaware the unions had failed him when he was terminated in violation of the CBA. And despite his diligence in researching and learning about potential causes of action against an employer, it is not surprising that Berry, a layperson without legal training, did not uncover the possibility of a breach of the duty of fair representation claim against the union under the Labor Management Relations Act. In fact, it would almost be surprising if he *had* figured out that such a claim existed. Certainly, Berry's lack of knowledge regarding the intricacies of the federal labor and employment laws qualifies as "excusable

ignorance."

Under the National Labor Relations Act, a hybrid section 301 cause of action accrues from the time a plaintiff should have discovered, through reasonable diligence, that the union was not going to pursue his grievance. *See Chapple v. Nat 'I Starch & Chemical Co.*, 178 F.3d *501, 505* (7th Cir. 1999). Berry was terminated in March of 2006, filed a Complaint with the National Labor Board, was denied, then filed an Appeal and was denied March 8, 2007, but through reasonable diligence could only have discovered that APWU Local 7011 and APWU were not going to pursue a grievance on his behalf some time after that date and receipt of a letter from John Clark, May 12, 2007, wherein Berry formed the belief that the Defendants in "bad faith" were not pursuing his return to the USPS based upon the evidence he presented on his behalf. It would be reasonable for Berry to believe that the process of filing with the National Labor Relations Board would cause APWU Local 7011 and APWU to rethink their respective positions. It is premature to conclude, as APWU 7011 and APWU does, that Berry's claim accrued as of March 8, 2007 - a more reasonable date for accrual of his claim against the union for breach of the duty of fair representation would be some number of yet-to-be-determined (based on discovery) weeks or months after his termination and the appeal process were concluded.

Furthermore, no prejudice to APWU Local 7011 and APWU would result from a short tolling of the statute. In its motion, APWU Local 7011 and APWU do not even claim that they would be prejudiced by any such tolling of the statute. Indeed, it is difficult, if not impossible, to see how any prejudice to Defendants could result. APWU Local 7011 and APWU have not disposed of any relevant records, no evidence has grown stale, and the recollection of those involved is not going to have deteriorated over such a short period of time.

Berry is the ideal candidate for application of the equitable tolling doctrine. As shown above, he meets the "excusable ignorance" standard *and* diligently pursued not only the claims he knew he had but also counsel to assist him in the pursuit of appropriate compensation for the harms he has suffered. Furthermore, APWU Local 7011 and APWU's assumption that Berry could plead no set of facts that would entitle him to relief under this count is not only wrong, but falsely implies that his failure to plead such facts in his complaint is the same as admitting the elements of an "impenetrable defense." This is simply not true, and on these procedural grounds alone, APWU Local 7011 and APWU's Motion must be denied.

### III.    CONCLUSION

The statute of limitations constitutes an affirmative defense that Berry was not required to anticipate or address in his complaint. Moreover, although not required to plead facts related to tolling in his complaint, Berry is entitled to an equitable tolling because of "excusable ignorance." Based on these facts, Plaintiff, Gerald A. Berry, respectfully requests that this Court deny Defendant's Motion to Dismiss Counts II of Plaintiff's First Amended Complaint.

                                                **GERALD A. BERRY**
                                                **By: Michael T. Smith**
                                                    Michael T. Smith

Michael T. Smith 6180407IL
Attorney for Gerald Berry
440 W. Irving Park Road
Roselle, Illinois 60172
847-895-0626