UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD A. BERRY,  )<br>  )<br>        Plaintiff,  )<br>  )<br>     v.  )<br>  )<br>JOHN E. POTTER, Postmaster General )<br>of the United States Postal Service, *et al*.,  )<br>  )<br>        Defendants.  ) | No. 07 C 6282<br><br>Judge Der-Yeghiayan |

**DEFENDANTS' JOINT REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT**

**Introduction**

To successfully oppose defendants' motion to dismiss based on failure to file within the applicable six-month statute of limitations, Berry was required to demonstrate either that his suit was timely filed or present a valid basis for excusing his untimeliness. In his response, Berry contends (1) his suit was timely filed on November 6, 2007 because his claim did not accrue until May 10, 2007 when he realized for certain that the Union[1] would not pursue his grievance; and (2) in any event, the limitations period was tolled until sometime after May 2007 when Berry first learned he could pursue a legal claim against the Union. Both claims are doomed by Berry's admission that in October 2007 — over one year before filing the instant complaint — he filed an NLRB charge against the Union alleging it breached its duty of fair representation by not pursuing Berry's grievance. As such, the defendants' motion should be granted and Berry's amended complaint dismissed.

---

[1] "Union" refers collectively to both defendant American Postal Workers Union, AFL-CIO, and defendant O'Hare AMC Local 7011 branch.

I.     **Berry's Claim Accrued When He Filed His NLRB Charge**.

As explained in our moving brief, Berry's cause of action accrues, and the six-month limitations period begins to run, "from the time a final decision on a plaintiff's grievance has been made or from the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, that no further action would be taken on his grievance." *Chapple v National Starch & Chem. Co.*, 178 F.3d 501, 505 (7th Cir. 1999). Based on Berry's response and documents that are properly before this court,[2] it is undisputed that on October 27, 2006, shortly after the Union decided not to pursue Berry's grievance, Berry filed an NLRB charge against the Union, alleging the same breach of duty of fair representation he asserts in this federal action. In December 2006, the NLRB dismissed Berry's charge, and on March 8, 2007, this dismissal was affirmed on appeal.

Notwithstanding these conceded facts, Berry argues that his claim did not accrue until after his NLRB adjudication was completed and the Union had some additional time thereafter to "rethink" its decision not to pursue Berry's grievance. Berry Mem. at 10. Of course, the Seventh Circuit has rejected this argument. *Adams v. Budd Company*, 846 F.2d 428, 431 (7th Cir. 1988) (court may rely on unfair labor practice charge as evidence plaintiff knew union would pursue

---

[2] Berry contends that the court should not consider the statute of limitation defense in the context of a motion under Federal Rule 12(b)(6) and that, in any event, it should not consider documents that were not attached to plaintiff's complaint. Berry Mem. at 5-8. Berry's arguments fail because: (a) a court can take judicial notice of such public records filed in administrative proceedings (that he effectively concedes are accurate) when evaluating a motion to dismiss *(see Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986); *see also Continental Casualty Co. v. American National Insurance Co.*, 417 F.3d 727, 731 n. 2-3 (7th Cir. 2005) (bar on considering matters outside the pleadings is not absolute)); and (b) dismissal is proper where a complaint "plainly reveals that an action is untimely under the governing statute of limitation." *United States v. Lewis*, 411 F.3d 838 (7th Cir. 2005); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)("[A] defendant may introduce certain pertinent documents if the plaintiff failed to do so."); *Steigmann v. The Democratic Party of Illinois, et al.*, 406 F. Supp.2d 975, 985-86 (N.D. Ill. 2005).

grievance no further). Moreover, Berry's claim makes no sense. There is no question that Berry knew the Union was not pursuing his grievance in October 2006, since it was this precise Union decision that spawned Berry's NLRB charge against the Union in the first place. Nor would any reasonable person believe the Union would "rethink" this decision simply because Berry filed an NLRB charge against the Union, and particularly not after the NLRB rejected that charge.[3] Accordingly, this court should reject Berry's arguments and find that his claim accrued no later than October 2006 when Berry filed his NLRB charge and that his district court complaint of November 2008 is untimely.[4]

**II.     No Basis Exists To Toll The Limitations Period.**

In order to avoid his untimely complaint, Berry maintains the deadline should be tolled during the pendency of his NLRB charge and for an additional eight months thereafter. Berry Mem. at 8-11. This argument fails for two reasons. First, is well-settled that the statute of limitations for filing a breach of the duty of fair representation claim in federal court is not tolled during the pendency of a parallel unfair labor practice charge before the NLRB. *Kolomick v. United Steelworkers of America,* 762 F.2d 354 (4th Cir. 1985)*; Arriaga-Zayas v. ILGWU Puerto Rico Council,* 835 F.2d 11, 14 (1st Cir. 1987). Second, as explained below, even assuming equitable

---

[3]  Even if Berry's claim accrued in March 2007 when the NLRB completed its adjudication, Berry's complaint filed eight months later in November 2007 would still be untimely.

[4]  Berry also discloses that the "Last Chance Agreement" ("LCA") he agreed to in November of 2004 "is part of the current issue with the APWU" because the "APWU allowed the [LCA]." Berry Mem. at 2. This allegation comes much too late. The six-month statute of limitations regarding the LCA expired in early 2005, and Berry cannot collaterally attack the LCA in this proceeding. Rather, the LCA is a given in this litigation. Berry violated the terms of the LCA when he served his jail time. He was terminated based on that, as well as other AWOLs. Attempting to challenge the validity of the LCA, nearly four years after he signed it, is not permissible.

tolling applies to Berry's claims,[5] he presents no equitable grounds to toll the limitations period.

Courts permit equitable tolling "only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). In the Seventh Circuit, this type of relief is "rarely granted." *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). It is proper only when "extraordinary circumstances far beyond the litigant's control prevented . . . timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). The "threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Id*. To justify equitable tolling, plaintiff must show "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007); *see also Brademas v. Indiana Housing Finance Authority*, 354 F.3d 681, 687 (7th Cir. 2004) ( equitable tolling allows a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim).

Although Berry invokes the doctrine of equitable tolling, nowhere in his response does he hint at what "extraordinary circumstances" beyond his control prevented his timely filing. The only excuse he points to — without explanation — is that he was a "layperson without legal training" and did not know he had a claim against the Union for breach of duty of fair representation. Although Berry may not have legal training, he has a lawyer in this case who does. Moreover, his

---

[5] Recent Supreme Court caselaw suggests that equitable tolling may not apply to Berry's claims. *John R. Sand & Gravel Co. v. United States*, 128 S. Ct. 750, 753 (2008) ("Some statutes of limitations, however, seek not so much to protect a defendant's case-specific interest in timeliness as to achieve a broader system-related goal, such as facilitating the administration of claims, limiting the scope of a governmental waiver of sovereign immunity, or promoting judicial efficiency. . . . As convenient shorthand, the Court has sometimes referred to the time limits in such statutes as 'jurisdictional.'")(citations omitted). This case can be resolved without deciding the issue, because even if equitable tolling could apply to this case, none of the necessary elements are present in this case.

alleged ignorance of the law is belied by the fact that Berry filed this precise legal claim administratively before the NLRB in October 2006, and in any event does not support the application of equitable tolling. *See CSC Holdings, Inc. v. Reidisi*, 309 F.3d 988, 992-3 (7th Cir. 2002) (equitable tolling does not apply "once a plaintiff has knowledge which would lead a reasonable person to investigate the possibility that her legal rights had been infringed"). Thus, Berry cannot point to any "extraordinary circumstances" that prevented the timely filing of his complaint. Finally, because Berry waited over eight months after the NLRB rejected his claim before filing the same claim in this court, Berry likewise cannot satisfy his "due diligence" burden. Accordingly, Berry's half-hearted claim of equitable tolling should be rejected.[6]

---

[6] Berry notes that the Union's moving brief (in which the Postal Service joined) only moved to dismiss Count II against the Union for breach of duty of fair representation. To the extent Count II is dismissed on timeliness grounds, so too should the court dismiss the breach of collective bargaining agreement against the Postal Service in Count I. Not only does the same six-month limitations period apply to a breach of the CBA claim, *Martin v. Youngstown Sheet & Tube Co.*, 911 F.2d 1239, 1246 (7th Cir. 1990), but a breach claim against the Postal Service cannot proceed in the absence of a breach claim against the Union. The claims are "inextricably interdependent"; neither is sustainable if the other fails. *See DelCostello*, 462 U.S. at 164-5; *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003).

**Conclusion**

For the foregoing reasons, this court should grant defendants' motion and dismiss plaintiff's amended complaint.

                                Respectfully submitted,

                                PATRICK J. FITZGERALD
                                United States Attorney

By: s/ Patrick W. Johnson
     PATRICK W. JOHNSON
     Assistant United States Attorney
     219 South Dearborn Street
     Chicago, Illinois 60604
     (312) 353-5327
     patrick.johnson2@usdoj.gov


     /s/ Karen I. Engelhardt
     Karen I. Engelhardt
     Kie@ask-attorneys.com
     Thomas D. Allison
     Allison@ask-attorneys.com
     230 West Monroe Street, Suite 2600
     Chicago, IL 60606
     (312) 364-9400/Fax (312) 364-9410

     O'DONNELL, SCHWARTZ & ANDERSON, P.C.

     Anton G. Hajjar
     Ahajjar@odsalaw.com
     Carla McNeill
     cmcneill@odsalaw.com
     1300 L Street, N.W., Suite 1200
     Washington, DC 20005
     (202) 898-1707/Fax (202) 682-9276