IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GERALD BERRY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )    No. 07 C 6282 |
| | ) |
| | ) |
| **JOHN E. POTTER, et al.** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

    This matter is before the court on Defendant American Postal Workers Union Local 7011's, Defendant American Postal Workers Union's (collectively referred to as "Union Defendants"), and Defendant John E. Potter's (named in his official capacity as Postmaster General of the United States Postal Service) ("USPS") motion to dismiss, or in the alternative, for summary judgment. For the reasons stated below, we grant the motion for summary judgment and we deny the motion to dismiss as moot.

## BACKGROUND

Plaintiff Gerald Berry ("Berry") alleges he began his employment with USPS in July of 1990 and worked for over fifteen years as a full-time mail clerk. Berry claims that throughout his employment with USPS, he was a member in good standing with the Union Defendants and that his employment at USPS was governed, at all times, by a Collective Bargaining Agreement ("Agreement") between USPS and the Union Defendants. According to Berry, on November 10, 2004, the Union Defendants and USPS negotiated a new agreement, known as the "Last Chance Agreement" ("LCA"), that USPS required Berry to sign in order to keep his job with USPS. The terms of the LCA allegedly required Berry to maintain satisfactory attendance which included less than three unscheduled absences in a six month period and zero "AWOL" days. (Amend. Compl. Ex. C).

Berry claims that on October 31, 2005, he was scheduled to spend five days in County jail for a DUI conviction. Berry claims that he requested a leave of absence for those five days from his Plant Manager who arbitrarily denied his request. Berry claims that, as a result, he was forced to take five consecutive absences without leave. According to Berry, on January 11, 2006, USPS notified him that his employment was terminated due to the fact that, in violation of the LCA, Berry had taken unscheduled absences between August 27, 2005 through August 31, 2005, as well as absences on three other dates. Berry alleges that he responded to his removal notice by providing evidence that proved that he was not absent on the stated dates. Berry claims that USPS then issued an amended removal notice which listed his

unscheduled absences as October 31, 2005 through November 4, 2005, as well as two other dates. Following the issuance of the second removal notice, USPS allegedly terminated Berry's employment.

According to Berry, representatives of the Union Defendants filed a grievance on Berry's behalf which was addressed through the appropriate grievance procedures set out in the Agreement. However, on September 20, 2006, the Union Defendants allegedly entered into a settlement agreement without Berry's knowledge or consent, in which the Union Defendants agreed to withdraw Berry's grievance. Berry alleges that, by entering into such an agreement to drop the grievance without Berry's consent, the Union Defendants breached the statutory duty of fair representation, violated the Members' Bill of Rights, and acted in a capricious, arbitrary, and discriminatory manner towards Berry.

Berry brought the instant action on November 6, 2007, and includes in his first amended complaint a claim brought against USPS for a breach of the Agreement ("Section 301 Claim"), and a claim brought against the Union Defendants alleging a breach of the duty of fair representation. The Union Defendants have filed the instant motion to dismiss the breach of fair representation claim and, in the alternative, for summary judgment on the breach of fair representation claim. On May 22, 2008, the court granted USPS's motion to join in the Union Defendants' motion.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th

Cir. 2000).

## DISCUSSION

Defendants contend that Berry was aware of his claims against them as early as October 2006, and no later than March 2007.  As such, Defendants claim that the statute of limitations expired by the time Berry filed his claim.  Defendants have moved both to dismiss and for summary judgment.

I. Fair Representation Claim Against Union Defendants

Defendants move for summary judgment on Berry's fair representation claim against the Union Defendants.  Pursuant to Federal Rule of Civil Procedure 56(b), a defending party may move for summary judgment "at any time . . . on all or part of the claim."  Fed. R. Civ. P. 56(b).  In this case, Defendants have moved for summary judgment solely on the basis of the statute of limitations.  Pursuant to Local Rule 56.1, Defendants have also included a statement of material facts in support of their motion.  Berry has not filed a response to Defendants' statement of facts and these facts are not disputed.

In the statement of facts, Defendants provide evidence that Berry filed a charge with the National Labor Relations Board ("NLRB") on October 27, 2006, alleging that the Union Defendants were engaging in unfair labor practices.  (SF Par. 1).  Berry's charge stated that the Union Defendants "failed to represent [Berry] in his removal and termination [from USPS] for arbitrary and capricious reasons."

(Mot. Ex. 2). Defendants also point to evidence indicating that the NLRB dismissed Berry's complaint on December 8, 2006, due to insufficient evidence. (SF Par. 2); (Mot. Ex. 3). Further, Defendants point to evidence that indicates that Berry's appeal was denied on March 8, 2007. (SF Par. 3). Defendants argue that the undisputed evidence establishes that Berry was aware of the existence of his claim against the Union Defendants in either October 2006 or the latest in March 2007 and, therefore, the Defendants are entitled to summary judgment on the fair representation claim against the Union Defendants, because Berry's November 2007 filing was past the six-month statute of limitations deadline.

In opposing the alternative motion for summary judgment, Berry has not disputed any of the facts listed in Defendants' statement of material facts. Instead, Berry argues that he did not have knowledge of his claims against the Union Defendants until May 12, 2007, when he received a letter from the Union Defendants indicating that the Union Defendants had withdrawn the grievance on Berry's behalf. Berry also argues that, given his ignorance with federal labor laws, he is entitled to equitable tolling due to "excusable ignorance." (Ans. 11).

In determining whether the employee has discovered or should have discovered that no further action would be taken on his grievance, the Seventh Circuit has stated that a plaintiff's filing of a charge with the NLRB against the union establishes his knowledge of the presence of their claim. *Adams*, 846 F.2d at 431 (7th Cir. 1988)(indicating that a court may rely on an unfair labor practice charge relating to the same conduct "as evidence of the fact that the plaintiff knew the union

6

would pursue his grievance no further"). In the present case, Berry claims that he was not aware of the withdrawal of his grievance, which is the basis of his claim, until May 12, 2007. (Compl. Par. 19). However, Berry's own response to the Defendant's motion indicates that he filed a charge in October 2006 against the Union Defendants for the same conduct on which he bases his complaint in this case, and that he filed an appeal from that decision in March 2007. (Ans. 7).

There is no dispute as to the dates that Berry filed the charges with the NLRB. Those dates indicate that Berry was aware of the presence of his claim against the Union Defendants more than six months before he filed the instant action. Therefore, no disputed issue of material fact remains with respect to Berry's failure to initiate the instant action within the applicable statute of limitations period.

Berry's argument that he is entitled to equitable tolling of his action also lacks merit. Equitable tolling is a doctrine designed to aid "plaintiffs who, because of 'disability, irremediable lack of information, or other circumstances beyond [their] control just cannot reasonably be expected to sue in time.'" *Hoosier Bancorp of Indiana, Inc. v. Rasmussen*, 90 F.3d 180, 183 (7th Cir. 1996)(quoting in part *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996)). Equitable tolling does not save a plaintiff who fails to research the requirements of filing a suit. *Hoosier*, 90 F.3d at 183. In order to qualify for equitable tolling, a plaintiff must, "despite due diligence [be] unable to obtain enough information to conclude that there is a basis for a claim." *Brademas v. Indiana Housing Finance Authority*, 354 F.3d 681, 687 (7th Cir. 2004). In order to qualify for equitable tolling, the plaintiff must demonstrate that

"extraordinary circumstances beyond the litigant's control" prevented his filing of the claim in a timely fashion. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

In support of Berry's argument that his claims are entitled to equitable tolling Berry cites to *Payne v. Cook County Hosp.*, 719 F. Supp. 730 (N.D. Ill. 1989). First, *Payne* is not controlling precedent. Second, *Payne* is distinguishable from the instant action. *Payne* involved a plaintiff who sued in the wrong court so that the statute of limitations ran out while the suit was pending in the improper court. *Id.* at 731. The district court in *Payne* held that because the statute of limitations ran out while the case was in an improper court, the statute of limitations should be tolled because the filing was due to excusable ignorance. *Id.* The instant case differs from *Payne* in that Berry did not file a claim in any court prior to the expiration of the statute of limitation period and this case does not involve a *pro se* litigant. Berry is not entitled to equitable tolling of his claim since his ignorance of law argument is not a sufficient grounds on which to allow equitable tolling, and because his filing of the same legal claim with the NLRB demonstrates that he was aware that such a claim existed. Finally, Berry has not pointed to sufficient evidence that shows that equitable estoppel applies or that he was prevented from timely filing his action by fraud.

The undisputed facts establish that Berry was aware that he had a claim against the Union Defendants in October 2006. However, even if Berry could establish that he was somehow unaware of his claims against the Union Defendants

when he filed his NLRB claim, the undisputed facts establish that Berry had notice of his claims by March 2007 at the latest, when the NLRB denied his appeal. As such, Berry knew, at the latest, in March 2007 that he had a claim against the Union Defendants, but he waited until November 2007, eight months later, to file his claim. Berry, therefore, failed to file his claim prior to the expiration of the six-month statute of limitations. Since Berry does not contest that he filed charges with the NLRB in October 2006 and that his appeal was dismissed in March 2007, there are no genuine issues of material fact regarding the statute of limitations. Therefore, Defendants are entitled to summary judgment on Berry's claim against the Union Defendants. Based on the above, we deny Defendants' alternative motion to dismiss as moot.

## II. Section 301 Claim Against USPS

Defendants move for summary judgment on the Section 301 Claim against USPS. On May 22, 2008, the court granted USPS's motion to join in the instant motion. USPS has not filed any brief but has relied on the briefing by the Union Defendants. Berry's claim against USPS is also subject to a six-month statute of limitations. *See, e.g., DelCostello*, 462 U.S. at 164-5. Further, the Seventh Circuit has held that in order for a plaintiff to prevail on a "hybrid section 301/fair representation suit[]" the plaintiff "must have a meritorious claim against both the union and the employer; the claims are interlocking in the sense that neither is viable if the other fails." *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir.

2003). *See also*, *DelCostello*, 462 U.S. at 164-5. The Seventh Circuit held, in *Neal*, that if the union in that case could obtain a summary judgment finding that they did not breach their duty of fair representation, then the plaintiff could not proceed against the employer. *Neal*, 349 F.3d at 368. As stated above, the Union Defendants are entitled to summary judgment on Berry's claim against them due to the fact that the undisputed evidence establishes that Berry's claim was not timely filed within the statute of limitations period. Therefore, pursuant to Seventh Circuit precedent, Berry cannot prevail as a matter of law in his Section 301 Claim against USPS.

Furthermore, even if Berry could proceed against USPS independent of his claim against the Union Defendants, the evidence relating to Berry's claim filed with the NLRB also establishes that Berry was aware of his claims against USPS more than six months before he commenced the instant action. Therefore, Berry's claim against USPS would, likewise, be time-barred and Berry has not demonstrated that he is entitled to equitable relief. Therefore, we grant Defendants' motion for summary judgment on the Section 301 Claim brought against USPS.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion for summary judgment in its entirety and we deny Defendants' alternative motion to dismiss as moot.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   August 27, 2008